**WILMINGTON TRUST COMPANY,** Plaintiff Below, Appellant,

v.

**The AETNA CASUALTY AND SURETY COMPANY and The Standard Fire Insurance Company, Defendants Below, Appellees.**

No. 447, 1995.

Supreme Court of Delaware.

Submitted: Sept. 10, 1996.
Decided: Sept. 18, 1996.
Opinion Issued: Sept. 25, 1996 [1].

---

1. The September 18, 1996 Order is vacated and this Opinion is issued in lieu thereof.

Matthew J. Lynch, Jr., Wilmington Trust Company, Wilmington, for appellant.

Gary W. Aber, Heiman, Aber & Goldlust, Wilmington, for appellees.

Before VEASEY, C.J., and WALSH and HOLLAND, JJ.

HOLLAND, Justice:

The plaintiff below-appellant is Wilmington Trust Company ("WTC"). Defendants below-appellees, The Aetna Casualty and Surety Company ("Aetna") and The Standard Fire Insurance Company ("Standard Fire"), are insurance companies which provided a variety of insurance policies, including mail insurance, to WTC during 1988 and 1989.

## PROCEDURAL HISTORY

On January 11, 1990, WTC filed a three-count Complaint against Aetna and Standard Fire alleging that: Aetna's denial of insurance coverage for a lost shipment of 500 gold coins breached its insurance contract with WTC; Aetna was estopped from denying WTC's claim for coverage; and Aetna's negligent misrepresentation about coverage caused WTC damages equivalent to the lost shipment.

On March 16, 1993, the case was submitted to a jury solely on WTC's claim that Aetna was liable for the damages caused by its negligent misrepresentation of the terms of its insurance policy. The jury returned a verdict in favor of WTC. Aetna renewed a prior Motion for Judgment as a Matter of Law and/or a New Trial. Super.Ct.Civ.R. 50. The Superior Court granted Aetna's Motion for Judgment as a Matter of Law. The Superior Court did not rule on Aetna's Motion for a New Trial.

WTC filed an appeal with this Court. Aetna filed a cross-appeal. This Court reversed the Superior Court's entry of judgment on procedural grounds. The matter was remanded to the Superior Court. Aetna's cross-appeal was not addressed by this Court.

Upon remand, the Superior Court granted Aetna's Motion for a New Trial. Aetna then moved for summary judgment, asserting that the decision granting a new trial had established as the law of the case that WTC's reliance on Aetna's misrepresentation was unreasonable, as a matter of law. The Superior Court granted Aetna's Motion for Summary Judgment.

This case is WTC's appeal of the Superior Court's decisions which granted Aetna's Motion for a New Trial and Aetna's Motion for Summary Judgment.

## FACTS

The record reflects that WTC is generally recognized as the largest commercial North American depository of precious metals. Shelley Dolan ("Dolan"), a member of WTC's precious metals division, investigated the feasibility of adding United States Postal Service ("USPS") Express Mail service to WTC's offerings, in response to customer requests. During her investigation, Dolan spoke with Jane Wisnewski ("Wisnewski"), an Aetna officer, to determine the insurability of USPS Express Mail shipments of precious metals. Dolan testified that Wisnewski told her that such shipments were covered by WTC's mail loss insurance policy with Aetna. WTC initiated a program to ship precious

metals by USPS Express Mail during September, 1988.

In November, 1988 a meeting was held at WTC's offices. According to WTC, Wisnewski; Thomas Molitor ("Molitor"); Mark Donaldson ("Donaldson"), WTC's depository manager for the precious metals vaults; Alexander Easler ("Easler"), an insurance broker; and other WTC staff attending this meeting. The meeting focused upon the possibility of Aetna raising the limits on WTC's precious metals coverage. They also discussed the current procedures WTC was using to ship precious metals. Donaldson testified that WTC's USPS Express Mail procedures were explained to Wisnewski. Donaldson also testified that the ultimate conclusion of the meeting was that WTC's procedures were fine.

In December, 1988, WTC asked Easler to obtain insurance for negotiable and non-negotiable securities that WTC wanted to ship by USPS Express Mail. Easler communicated this request to Aetna. On December 15, 1988, Aetna issued an endorsement to WTC's lost mail coverage that explicitly insured shipments of negotiable and non-negotiable securities sent by USPS Express Mail. This endorsement to the policy states that, in certain circumstances, express mail will be treated like registered mail.

In May 1989, WTC shipped 500 one-ounce gold coins worth $191,215 by USPS Express Mail, pursuant to a customer's request. The shipment was lost in transit. WTC filed a claim with Aetna. Aetna denied coverage on the basis that the Mail Insurance Policy issued to WTC did not provide coverage for precious metals shipped by USPS Express Mail.

### Reasonable Reliance
### Material Factual Issue

■ After ordering a new trial, the Superior Court granted Aetna's Motion for Summary Judgment on the ground that WTC could not establish that its reliance on Aetna's misrepresentation was justifiable. In its earlier opinion granting Aetna's prior Motion for Judgment as a Matter of Law, however, the Superior Court had acknowledged that the language of the original policy, along with the similarities between registered and express mail, could lead a jury rationally to conclude that WTC was justified in relying on an assurance by an agent of Aetna that shipments by express mail would also be covered.

The WTC policy with Aetna provides that precious metals are insured if they are shipped by registered mail. The policy does not define "registered mail." In fact, the express mail endorsement for securities states that the term "registered mail" can include USPS Express Mail under certain circumstances. Nevertheless, the Superior Court granted Aetna's Motion for Summary Judgment. It concluded that WTC's reliance upon the prior misrepresentations about coverage for USPS Express Mail shipments of precious metals was not justifiable after Aetna issued the express mail endorsement for shipments of securities.

■ Summary judgment may be granted where the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Super.Ct.Civ.R. 56(c). The scope of review on appeal of a decision on summary judgment is *de novo*. *Burkhart v. Davies*, Del.Supr., 602 A.2d 56, 59 (1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986)), *cert. denied*, 504 U.S. 912, 112 S.Ct. 1946, 118 L.Ed.2d 551 (1992).

WTC contends that, although the terms of the insurance policy provide coverage if precious metals are shipped by registered mail, WTC was reasonable in relying upon Aetna officer Wisnewski's oral misrepresentations that shipments by USPS Express Mail were also covered by the policy. WTC asserts that issues of negligence are not usually susceptible to summary judgment adjudication because the elements of the claim are ordinarily issues of fact for the jury. *Faircloth v. Rash*, Del.Supr., 317 A.2d 871, 871 (1974). We agree.

■ Whether WTC's reliance on a misrepresentation was reasonable is a question for the jury. *Lock v. Schreppler*, Del.Super., 426 A.2d 856 (1981); *accord Pearson v. Simmonds Precision Prods., Inc.*, 160 Vt. 168,

624 A.2d 1134 (1993) (a jury was entitled to find an employer liable for negligent misrepresentations about the terms of employment, despite contractual disclaimers in a written employment contract); *Silva v. Stevens,* 156 Vt. 94, 589 A.2d 852 (1991) ("as is" provision in contract for sale of house where buyers relied on oral misrepresentations by sellers does not defeat a negligent misrepresentation claim as a matter of law). Therefore, the judgment entered summarily in favor of Aetna must be reversed.

### New Trial
### Standard of Review

WTC's second contention in this appeal is that the Superior Court erred in granting Aetna's Motion for a New Trial after the jury's verdict. The standard of review is well established.

Generally, in an appeal from either the grant or denial of a new trial, the sole question is whether the decision constituted an abuse of discretion.

When the motion for a new trial solely on weight of the evidence grounds is denied in a jury case, this Court on appeal is bound by the jury verdict if it is supported by evidence. *Delaware Constitution,* Art. IV, § 11 ["on appeal [in civil cases] from a verdict of a jury, the findings of the jury, if supported by evidence, shall be conclusive"].

When the motion is granted on weight of evidence grounds, even given the restrictive standard herein adopted for the trial court and the appellate scrutiny that may be exercised to assure the preservation of the role of the jury, the trial judge's "discretionary power is still given the deference required by his presence at trial and his duty to see that there is no miscarriage of justice."

*Storey v. Camper,* Del.Supr., 401 A.2d 458, 465–66 (1979) (citations omitted).

This Court's function in reviewing the Superior Court's grant of Aetna's Motion for a New Trial is to determine whether the Superior Court abused its discretion. *Id.* Applying the limited standard of review, the record reflects that the Superior Court's decision to grant a new trial must be affirmed.

### Jury Instructions

 Since this matter will be remanded for a new trial, we note that Aetna's prior cross-appeal, which challenged the original jury instructions, was never decided. Given the unusual procedural posture of this proceeding, we hold that the prior jury instructions are not the law of this case. This holding should not be construed as deciding or implying any ruling as to the validity or invalidity of Aetna's objection to the prior jury instructions. This holding means only that the Superior Court and the parties are not bound by any prior rulings or arguments regarding the instructions to be given to the next jury.

### Conclusion

The judgment of the Superior Court is reversed. This matter is remanded for a new trial.