Earl HOLDEN, Plaintiff
Below, Appellant,

v.

GAICO, INC., a Delaware corporation,
and Liberty Mutual Insurance Co., a
Delaware corporation, Defendants Be-
low, Appellees.

No. 466, 1998.

Supreme Court of Delaware.

Submitted: July 13, 1999.
Decided: Sept. 3, 1999.

Walt F. Schmittinger, (argued) John J.
Schmittinger, Schmittinger and Rodriguez,
P.A., Dover, Delaware, for appellant.

Nancy E. Chrissinger, Chrissinger &
Baumberger, Wilmington, Delaware, for
appellees.

Before VEASEY, Chief Justice,
WALSH and HOLLAND, Justices.

HOLLAND, Justice:

The plaintiff-appellant, Earl Holden
("Holden"), filed a complaint in the Superi-
or Court against his former employer, the
defendant-appellee, Gaico, Inc. ("Gaico"),
and its workers' compensation insurance
carrier, Liberty Mutual Insurance Compa-
ny ("Liberty"). Holden's complaint was
filed pursuant to the Wage Payment and
Collection Act.[1] It alleged that the costs
of certain expert medical witness fees and
expenses that had been awarded to him by
the Industrial Accident Board ("IAB") had
not been paid in a timely manner.

The Superior Court granted Gaico's and
Liberty's motion for summary judgment.
It held that the Wage Payment and Collec-
tion Act did not authorize Holden to file an

---

1. 19 *Del.C.* ch. 11.

action based on the untimely payment of expert witness fees and expenses. We have concluded that the judgment of the Superior Court must be reversed.

### Facts

Holden sustained an injury in an industrial accident during his employment with Gaico. A compensability hearing was held before the IAB on October 30, 1996. The decision of the IAB was mailed to the parties' attorneys on November 19, 1996. The IAB awarded Holden medical expenses, attorneys' fees and medical witness expenses, including the court reporter's fee for transcribing that testimony. Gaico did not take an appeal from the IAB's decision.

On November 21, 1996, Holden's attorney sent documentation of Holden's expenses to Gaico's attorney. On December 26, 1996, Holden's attorney sent a letter to Gaico's attorney requesting that all "workers' compensation benefits due" be paid. The medical bills and attorneys' fees were paid several days after the December 26th letter was received by Gaico's attorney. With regard to the medical witness and court reporter's fees, however, Gaico's attorney responded that he was not able to locate any information quantifying those costs. Holden's attorney responded that the information had been included with the November 21st letter.

On March 6, 1997, Holden's attorney wrote to Gaico's attorney indicating that the medical witness and court reporter's fees remained unpaid. The letter stated that a "Huffman" suit[2] would be filed if payment was not received within ten days. The medical witness fees and court reporter's costs were paid on March 18, 1997, in the amount of $1,267.00. On March 26, 1997, Holden's attorney filed this action in the Superior Court seeking additional statutory relief pursuant to the Wage Payment and Collection Act.

### Workers' Compensation
### Wage Payment and Collection Act

The Delaware Workers' Compensation statute sets forth the rights of employees and the responsibilities of employers.[3] Section 2357 provides: "If default is made by the employer for 30 days after demand in the payment of *any amount due under this chapter,* the amount may be recovered in the same manner as claims for wages are collectible." (emphasis added). Claims for "wages" against one's employer may be made pursuant to the Wage Payment and Collection Act.[4] Section 1113(a) provides, "A civil action to recover unpaid wages and liquidated damages may be maintained in any court of competent jurisdiction."[5]

■ This Court has held that to give effect to provisions in Section 2357, the reference to "wages" in Section 1113(a) "must be construed to include claims based on unpaid *workmen's compensation benefits* due after proper demand therefor has been made."[6] In other words, Section 1113(a) and Section 2357 must be read *in pari materia.* Accordingly, we hold that if a default is made by the employer for thirty days after demand in the payment of any amount due under the Workers' Compensation statute, the amount due may be recovered in the same manner as claims made pursuant to the Wage Payment and Collection Act.[7]

**2.** *Huffman v. C.C. Oliphant & Son, Inc.,* Del. Supr., 432 A.2d 1207, 1211 (1981).

**3.** 19 *Del.C.* ch. 23.

**4.** 19 *Del.C.* ch. 11.

**5.** This Court has determined that the Superior Court has subject matter jurisdiction over claims filed pursuant to 19 *Del.C.* § 2357 and 19 *Del.C.* § 1113(a). *Huffman v. C.C. Oliphant & Son, Inc.,* Del.Supr., 432 A.2d 1207, 1211 (1981).

**6.** *Huffman v. C.C. Oliphant & Son, Inc.,* Del. Supr., 432 A.2d 1207, 1210 (1981) (emphasis added).

**7.** 19 *Del.C.* § 2357 and 19 *Del.C.* § 1113(a).

## This Case

The Industrial Accident Board awarded workers' compensation benefits to Holden in the form of medical expenses, attorneys' fees and medical witness fees, including the court reporter's transcription fee. Having declined to appeal the Board's decision, Gaico was obligated to pay those benefits. Holden's attorney made a timely demand that was not paid within thirty days.

■ The expenses awarded to Holden by the IAB constitute an "amount due" under the Workers' Compensation statute. Holden was entitled to file a complaint to collect them pursuant to the Wage Payment and Collection Act. Accordingly, the Superior Court should not have granted Gaico's motion for summary judgment.

## Conclusion

The judgment of the Superior Court is reversed. This matter is remanded to the Superior Court for further proceedings in accordance with this opinion.