William KELLEY, Plaintiff,

v.

ILC DOVER, INC., a Delaware corpora-
tion, and Liberty Mutual Insurance
Co., a Foreign corporation, Defen-
dants.

C.A. No. 98C–12–020 HDR.

Superior Court of Delaware,
Kent County.

Submitted: Jan. 9, 2001.
Decided: March 16, 2001.

Walt F. Schmittinger, of Schmittinger & Rodriguez, P.A., Dover, for Plaintiff.

Nancy E. Chrissinger and Christopher T. Logullo, Chrissinger & Baumberger, Wilmington, for Defendants.

## OPINION

RIDGELY, President Judge.

This case involves a claim for recovery of unpaid workers' compensation benefits. Presently before the Court is Plaintiff William Kelley's ("Kelley") motion for summary judgment. For the reasons which follow, summary judgment is granted in favor of the plaintiff pursuant to *Huffman v. C.C. Oliphant & Son, Inc.*[1] ("Huffman").

## I. BACKGROUND

On April 29, 1988, Mr. Kelley was injured in an industrial accident while in the employ of ILC Dover, Inc. ("ILC") as a maintenance man. Following Kelley's injury, he received workers' compensation benefits from ILC's insurance carrier, Liberty Mutual Insurance Company ("Liberty") in the form of temporary total disability benefits. Subsequently, Liberty filed a petition to terminate with the Industrial Accident Board ("IAB"); Kelly also filed a petition with the IAB seeking an increase in permanent partial disability.

On November 9, 1995, the IAB granted Liberty's petition to terminate and reduced Kelley's benefits from $242.13 per week in temporary total disability to $82.13 per week in temporary partial disability. The IAB also awarded Kelley a medical witness fee and attorney's fees.[2]

Subsequently, Kelley took a limited appeal of the IAB's decision reducing compensation to the Superior Court. On October 31, 1997, the Superior Court reversed the decision of the IAB, reinstating Kel-

---

1. *Huffman v. C.C. Oliphant & Son, Inc.*, Del. Supr., 432 A.2d 1207 (1981).

2. *William Kelley v. Brookside Apartments/ILC of Dover*, IAB Hearing No. 964869/853835, Stone, J., Robinson, J. (Nov. 9, 1995) at *25.

ley's benefits at $242.13.[3] The Supreme Court affirmed this decision on June 25, 1998.[4]

Following the Supreme Court's decision, Kelley, through his counsel, issued a letter dated July 13, 1998, demanding payment of all workers' compensation benefits due. Plaintiff's counsel received payment for the reinstated total disability benefits on August 27, 1998. The medical witness fees and attorney's fees are still unpaid.

Plaintiff filed this action seeking liquidated damages for late payment of the total disability benefits, as well as the unpaid medical witness fees, unpaid attorney's fees, plus liquidated damages. Plaintiff has moved for summary judgment.

## II. PARTIES' ARGUMENTS

In support of his motion for summary judgment, the plaintiff argues that no genuine issues of material fact exist regarding the award of total disability benefits, medical witness fees and attorney's fees. Kelley argues that he is entitled to judgment as a matter of law pursuant to *Huffman* because defendants failed to make timely payment of amounts owed upon proper demand.

Defendants argue that (a) plaintiff's *Huffman* demand was insufficient and vague; (b) the defendants had a reasonable justification to deny payments; (c) the reversal by the Superior Court negated defendants' obligation to pay the medical witness and attorney's fees, and (d) plaintiff's acceptance of the check for back total disability benefits constituted an accord and satisfaction of the entire debt owed.

## III. SUMMARY JUDGMENT STANDARD

Summary judgment will only be granted if, after reviewing the record in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[5] The moving party has the burden of demonstrating that no issue of material fact exists.[6] The non-moving party "may not rest upon the mere allegations or denials of [its] pleading," but must set forth in its response, by affidavit or otherwise, specific facts demonstrating the existence of a material issue for trial.[7]

## IV. DISCUSSION

■ A civil action "to recover unpaid wages and liquidated damages may be maintained in any court of competent jurisdiction."[8] Plaintiff moves for summary judgment under 19 *Del. C.* § 2357, which provides, "[i]f default is made by the employer for 30 days after demand in the payment of any amount due under this chapter, the amount may be recovered in the same manner as claims for wages are collectible."[9] Claims for "wages" against one's employer may be made pursuant to the Wage Payment and Collection Act ("WPCA").[10] To give effect to provisions

3. *Kelley v. ILC of Dover, Inc.*, Del.Super., C.A. No. 97A–03–004, 1997 WL 817847, Ridgely, P.J. (Oct. 31, 1997) (Mem.Op.).

4. *ILC of Dover Industries, Inc. v. Kelley*, Del. Supr., 716 A.2d 974 (1998).

5. Super. Ct. Civ. R. 56(c); *Wilmington Trust Co. v. Aetna Casualty and Surety Co.*, Del. Supr., 690 A.2d 914, 916 (1996).

6. *Borish v. Graham*, Del.Super., 655 A.2d 831, 833 (1994).

7. Super. Ct. Civ. R. 56(e); *MacDonald v. Smalls Insurance Co.*, No. 98C–11–030, 2000 WL 1611093, Ridgely, P.J. (Aug. 7, 2000) (Mem.Op.).

8. 19 *Del. C.* § 1113(a).

9. 19 *Del. C.* § 2357.

10. 19 *Del. C.* Ch. 11; *Holden v. Gaico*, Del. Supr., 736 A.2d 202, 203 (1999).

in Section 2357, the reference to "wages" in Section 1113(a) must be construed to "include claims based on unpaid *workers' compensation benefits* due after proper demand therefor has been made."[11] In other words, if a default is made by the employer thirty days after demand in the "payment of *any amounts due* under the Workers' Compensation statute, the amount due may be recovered in the same manner as claims made pursuant to the Wage Payment and Collection Act."[12]

The plaintiff further seeks liquidated damages under 19 *Del. C.* § 1103(b), which provides, "[i]f an employer, without any reasonable grounds for dispute, fails to pay an employee wages as required under this Chapter, the employer shall in addition be liable to the employee for liquidated damages in the amount of 10% of the unpaid wages for each day, except Sunday and legal holidays, upon which such failure continues after the day upon which payment is required or in an amount equal to the unpaid wages, whichever is smaller...."[13]

■■■ Defendants contend that Kelley's *Huffman* demand is unenforceable because it was not specific as to what compensation was being sought. Kelley's letter demanded "payment of all workers' compensation benefits due" because the "Board award has not been paid." The language used in Kelley's *Huffman* demand letter is almost identical to the demand language in *MacDonald v. Smalls Insurance Co.*[14] In *MacDonald*, the Court held that defendants' vagueness argument was "without merit" and that the language in the demand letter provided adequate notice because "both parties knew that payments were due."[15]

Similarly in this case, the original IAB award and subsequent appellate decisions provided proper notice of what was due to the plaintiff. The purpose behind the demand requirements of Section 2357 is to put defendants on notice of their default and permit them to cure their deficiency within thirty days in order to avoid incurring liquidated damages under the WPCA. The defendants' obligation to pay benefits did not arise as a result of the demand letter; the obligation arose as a result of the Superior Court's reversal of the IAB's termination order. The demand letter merely provided notice of the default to the defendants. Therefore, the plaintiff's demand letter need not specifically reiterate the relief sought because both parties knew what payments were due the plaintiff upon conclusion of the appellate process.

In *Holden v. Gaico*,[16] the Supreme Court recently interpreted a demand letter requesting payment of "all workers' compensation benefits due" as a timely demand. The Court reversed and remanded the case, thereby granting Holden the right to pursue his *Huffman* claim based on his demand letter.[17] The defendants argue that the *Holden* court merely pronounced the demand letter as "timely" and did not pronounce it "proper." However, the Supreme Court's opinion in *Holden* implicitly rejects the defendants' insufficient demand argument.[18] The letter in *Holden* was both timely and proper.

The defendants also argue that a genuine issue of material fact exists concerning the dates that demand and/or payment letters were sent, postmarked, and re-

11. *Holden* at 203; *Huffman*, 432 A.2d at 1210 (emphasis added).

12. *Holden*, 736 A.2d at 203 (emphasis added).

13. 19 *Del. C.* § 1103(b).

14. *MacDonald* at *5, 2000 WL 1611093.

15. *Id.*

16. *Holden, supra.*

17. *Id.*

18. *Id.*

ceived. No matter which combination of dates this Court may be persuaded to choose, all scenarios amount to a lapse of more than thirty days [19] after the demand.

■ Defendants next argue that they had a "reasonable justification" for failure to pay benefits due, and that "reasonable justification" avoids liability for liquidated damages. Specifically, the defendants contend they did not know what Kelley was owed and whether he had received or was receiving Second Injury Fund benefits following the IAB's termination order. The Supreme Court in *Huffman* held that absent an IAB order permitting termination, an employer's good faith belief that the claimant is no longer entitled to compensation is irrelevant.[20] The determination of whether an employee continues to be entitled to compensation under the law is "to be made by the Board before compensation is suspended or terminated, and not by the employer or its insurer." [21] Therefore, ILC and Liberty had no right to unilaterally withhold payment. Their remedy was to petition the IAB for relief.

Furthermore, the Second Injury and Contingency Fund established under 19 *Del. C.* § 2347, by its terms, does not continue benefits following an IAB order terminating benefits, even during the pendency of the appeals process. Because the statute prohibits such continuation of payments, Kelley would not have received any such payments and the "reasonable justification" argument fails as a matter of law.

■ Defendants next argue that the Superior Court's reversal of the appealed portions of the IAB's decision resulted in the reversal of the ancillary awards of attorney's fees and medical witness fees previously awarded by the IAB. Superior Court Civil Rule 72(c) permits partial or limited appeals of agency decisions. In *Johnson v. General Motors*,[22] the Court held that a claimant could take a limited appeal of an IAB decision and concurrently seek payment of those portions of the IAB award which were not appealed.[23] This Court in *Keeler v. Metal Masters* [24] awarded *Huffman* damages for the unappealed portions of an IAB award during the pendency of an appeal. In this case, only the reduction of disability benefits was appealed by Kelley. The defendants filed no cross-appeal; therefore, upon the expiration of the appeal period, the remaining portion of the IAB award was left intact, binding, and final.

■ Finally, the defendants assert a defense of accord and satisfaction. Generally, the elements of accord and satisfaction are as follows: 1) that a bona fide dispute existed as to the amount owed that was based on mutual good faith; 2) that the debtor tendered an amount to the creditor with the intent that payment would be in total satisfaction of the debt; and 3) that the creditor agreed to accept the payment in full satisfaction of the debt.[25] The burden to prove all the elements necessary for an accord and satisfaction is on the party alleging that it took place.[26]

19. See 19 *Del. C.* § 2357.

20. *Huffman*, 432 A.2d at 1209.

21. *Id.*

22. *Johnson v. General Motors*, 1990 WL 18397, Taylor, J. (Feb. 5, 1990).

23. *Id.*

24. *Keeler v. Metal Masters*, Del.Supr., C.A. No. 97C–09–005, Ridgely, P.J. (Oct. 27, 1999), *aff'd Metal Masters Foodservice Equipment Co., Inc. v. Keeler*, Del.Supr., No. 510, 1999, 755 A.2d 389, Berger, J. (2000).

25. *Acierno v. Worthy Bros. Pipeline Corp.*, Del. Supr., 693 A.2d 1066, 1068 (1997).

26. *Id.* at 1068–1069.

 Defendants assert an accord and satisfaction defense as to liquidated damages arising from the delay in payment of the back total disability payment. Nineteen *Del. C.* § 2305 provides that "no agreement, rule, regulation, or other device shall operate to relieve any employer or employee in whole or in part from any liability" created by Chapter 23 of Title 19, except as provided in Chapter 23 of Title 19.[27] This statute extinguishes the availability of an accord and satisfaction defense until there is approval of the agreement by the IAB. Because defendants have failed to show that approval, this defense is not available against this *Huffman* claim.

27. 19 *Del. C.* § 2305.

## V. CONCLUSION

Plaintiff is entitled to judgment as a matter of law pursuant to *Huffman* because the defendants failed to make timely payment of amounts owed upon proper demand. Accordingly, summary judgment is *GRANTED* in favor of the plaintiff. Counsel shall confer and plaintiff may submit a form of order, on notice within ten days.

**IT IS SO ORDERED.**

