# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| REBECCA CLARK and JAMES SMITH, on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 14C-02-188-JRJ CCLD |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) ) | |

Date Submitted: March 30, 2015
Date Decided: June 23, 2015

## ORDER

Before the Court is Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") Motion for Summary Judgment on Count I (Declaratory Judgment) of Plaintiffs' Complaint.

1.      On February 20, 2014, Plaintiffs Rebecca Clark and James Smith, and and others similarly situated ("Plaintiffs"), filed a Proposed Class Action Complaint ("Complaint") against State Farm, which included four counts: (1) Declaratory Judgment; (2) Breach of Contract; (3) Bad Faith Breach of Contract; and (4) Statutory Consumer Fraud.[1]  All four counts were based on Plaintiffs'

---

[1] Compl. (Trans. ID. 55029446).

1

allegations that State Farm had improperly deducted statutory interest payments from Plaintiffs' Personal Injury Protection ("PIP") coverage limits in their automobile policies, in violation of 21 *Del. C.* § 2118B.[2]

2. On June 19, 2014, State Farm filed a Motion for Summary Judgment ("June 19 Motion for Summary Judgment").[3]

3. On August 20, 2014, Plaintiffs filed a Motion for Leave to Amend their Complaint pursuant to Superior Court Civil Rule 15(a).[4] Count I of Plaintiffs' Proposed Amended Complaint ("PAC") sought a declaratory judgment against State Farm for improperly deducting statutory interest payments, a claim identical to Count I of the Complaint.[5] In Count II of the PAC, Plaintiffs sought a declaratory judgment that State Farm violated 21 *Del. C.* § 2118B by adopting an improper practice of delaying processing, payment, and denial of claims for PIP.[6]

4. On October 14, 2014, the Court granted State Farm's June 19 Motion for Summary Judgment on all four counts of the Complaint ("October 14 Order")[7] because Plaintiffs advised the Court that they would not contest State Farm's

---

[2] *See id.*

[3] *See* Defendant State Farm Mutual Automobile Insurance Company's Motion for Summary Judgment (Trans. ID. 55616863) ("Def.'s Mot. Sum. J.").

[4] *See* Plaintiffs' Motion for Leave to Amend the Complaint (Trans. ID. 55914810). *See also* Plaintiffs' Brief in Support of Their Motion for Leave to Amend the Complaint (Trans. ID. 55914810) ("Pls.' Op. Br.").

[5] Pls.' Op. Br., Ex. A ¶¶ 26–33.

[6] *Id.* ¶¶ 34–43.

[7] *See* Oct. 14, 2014 Order Granting Summary Judgment (Trans. ID. 56191706).

motion.[8]  On October 15, 2014, however, the Court modified the October 14 Order by deferring ruling on Count I (Declaratory Judgment) until after the pending Motion for Leave to Amend was resolved.[9]

5.      On March 30, 2015, the Court denied Plaintiffs' Motion for Leave to Amend, finding that Plaintiffs failed to plead an immediate, or about to be immediate, controversy between the parties.[10]  The Court found Plaintiffs' claim for declaratory relief amounted to a request for an advisory or hypothetical opinion.[11]

6.      Thus, State Farm's Motion for Summary Judgment on Count I of the original Complaint is now ripe.  In reviewing a motion for summary judgment pursuant to Rule 56, the Court must determine whether any genuine issues of material fact exist.[12]  The moving party bears the burden of showing that there are no genuine issues of material fact so that he is entitled to judgment as a matter of law.[13]  The Court must view all factual inferences in a light most favorable to the non-moving party.[14]  Summary judgment will not be granted if it appears that there

---

[8] Plaintiffs' Oct. 8, 2014 Letter to the Court (Trans. ID. 56163554).
[9] *See* Oct. 15, 2014 Modified Order Granting Summary Judgment (Trans. ID. 56201342).
[10] *Clark v. State Farm Mut. Auto. Ins. Co.*, 2015 WL 1518662, at *4 (Del. Super. 2015).
[11] *Id.*
[12] Super. Ct. Civ. R. 56(c); *Wilm. Trust Co. v. Aetna*, 690 A.2d 914, 916 (Del. 1996).
[13] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).
[14] *Alabi v. DHL Airways, Inc.*, 583 A.2d 1358, 1361 (Del. 1990).

is a material fact in dispute or that further inquiry into the facts would be appropriate.[15]

7.    As noted above, Count I of the Complaint seeks a declaratory judgment that State Farm was deducting statutory interest payments from PIP limits in violation of 21 *Del. C.* § 2118B.[16] Count I of the Complaint relies on a theory the Plaintiffs are no longer pursuing.[17] Consequently, the Court finds that there is no genuine issue of material fact in dispute with regard to Count I of the Complaint.

**WHEREFORE**, State Farm's Motion for Summary Judgment on Count I of the Complaint is **GRANTED.**

**IT IS SO ORDERED.**

_____
Jan R. Jurden, President Judge

---

[15] *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. Super. 1962), *rev'd in part* on procedural grounds and *aff'd in part*, 208 A.2d 495 (Del. 1965).

[16] Compl. ¶¶ 26–33.

[17] Plaintiffs' counsel confirmed this at oral argument on October 15, 2014, by advising the Court that they were no longer pursuing Count I of the PAC, which was based on the theory that State Farm deducted statutory interest payments from Plaintiffs' PIP benefits, which is identical to Count I of the Complaint. *See* Oral Arg. Tr. at 46–47 (Trans. ID. 56313425). *See also* Plaintiffs' Oct. 8, 2014 Letter to the Court (Trans. ID. 56163554).