# IN THE SUPERIOR COURT
## OF THE STATE OF DELAWARE

CARLETTA E. SIMPSON,      )
                               )
       Plaintiff,          )
                               )
       v.                )      C.A. No. N15C-02-138 WCC
                               )
STATE OF DELAWARE and     )
GOVERNMENT EMPLOYEES    )
INSURANCE COMPANY,      )
                               )
       Defendants.      )

Submitted: September 11, 2015
Decided: January 28, 2016

**Defendant State of Delaware's Motion for Summary Judgment – GRANTED**

## MEMORANDUM OPINION

Timothy E. Lengkeek, Esquire, Young Conaway Stargatt & Taylor, LLP, 1000 N. King Street, Wilmington, DE 19801.  Attorney for Plaintiff.

Lynn A. Kelly, Esquire, Department of Justice, 820 N. French Street, Wilmington, DE 19801.  Attorney for Defendant State of Delaware.

Erin K. Radulski, Esquire, Law Office of Dawn L. Becker, Citizens Bank Center 919 Market Street, Suite 550, Wilmington, DE 19801.  Attorney for Defendant GEICO.

**CARPENTER, J.**

In the present case, Carletta E. Simpson ("Plaintiff") seeks underinsured motorist coverage from her employer, the State of Delaware ("Defendant" or "State"), and her personal insurance carrier, Government Employees Insurance Company ("GEICO"), for injuries sustained in the course of her employment in a motor vehicle accident with a third party tortfeasor. Plaintiff operated a vehicle owned and insured by the State at the time of the accident and she recovered workers' compensation benefits for her injuries. The State moved for summary judgment on the grounds that Plaintiff accepted workers' compensation to the exclusion of other remedies.[1] For the foregoing reasons, the Motion is GRANTED.

## FACTUAL & PROCEDURAL BACKGROUND

On September 16, 2010, Plaintiff was injured in an automobile collision caused by Lashonmonique Dajanee Ricks. Ms. Ricks was driving a vehicle owned by Tiffany J. Cleveland and insured by United Services Automobile Association ("USAA") with a policy limit of $15,000 per person. Plaintiff was operating a State-owned vehicle as authorized by virtue of her employment in Delaware's Health and Social Services Department. All State-owned vehicles are insured

---

[1] Counsel for Defendant GEICO informed the Court that GEICO takes no position on the State's Motion for Summary Judgment. Letter from Erin K. Radulski, Esquire, to the Court, D.I.11 (April 17, 2015).

under the State's self-administered automobile liability policy,[2] which includes uninsured/underinsured motorist ("UM/UIM") coverage with limits of $25,000 per accident.[3] Plaintiff had also purchased UIM coverage through her GEICO policy. [4]

Plaintiff suffered injuries to her cervical spine and lower back as a result of the accident.[5] In connection with those injuries, she received workers' compensation benefits from the State pursuant to 19 *Del. C.* § 2304 for an 11-day period following the accident.[6] In July 2013, USAA paid Plaintiff the $15,000 policy limits to settle all claims on behalf of Ms. Cleveland and Ms. Ricks.[7] Given Ms. Ricks's status as underinsured motorist,[8] Plaintiff requested UIM benefits under the State's policy in October 2013 but was denied coverage in May 2014.[9]

---

[2] Def. Mot. for Summ. J., Ex. D.

[3] *See id.* at 8.

[4] Pl. Compl., ¶ 19.

[5] Def. Mot. for Summ. J., Ex. A.

[6] *Id.* The documents supplied by the State are confusing at best. One document provided to the Court indicates Plaintiff received total disability benefits of $426.37 bi-weekly for the period of 09/17/10 – 09/28/10 "in accordance with the provisions of the Workers' Compensation Law of the State of Delaware." However, the second document included in the exhibit states "[n]o actual payment has been made as such benefits have already been paid by PIP/auto no-fault directly to the claimant." Both documents are dated September 30, 2011. The Court will assume for purposes of this motion that, as a result of the accident, Plaintiff received workers' compensation benefits pursuant to 19 *Del. C.* § 2304.

[7] Pl. Compl., ¶¶ 11-12.

[8] The statute defines an "underinsured motor vehicle" as "one for which there may be bodily injury liability coverage in effect, but the limits of bodily injury liability coverage under all bonds and insurance policies applicable at the time of the accident are less than the damages sustained by the insured" and requires those limits "be stated in the declaration sheet of the policy." 18 *Del. C.* § 3902(b)(2).

[9] Pl. Compl., ¶¶ 14-16.

3

On February 16, 2015, Plaintiff commenced the instant litigation seeking UIM benefits from both the State and GEICO. In the Complaint, Plaintiff asserts she has suffered "serious, painful and limiting injuries, both physical and mental in nature" some of which "have continued since the accident and are permanent in nature"[10] requiring her to undergo further treatment and incur additional costs.[11] Plaintiff additionally maintains she continues to experience "considerable pain, suffering, and discomfort, both mental and physical in nature"[12] and "has incurred lost wages and/or diminished earning capacity."[13] According to Plaintiff, she has been prevented from accessing her UIM benefits through GEICO until she is able to exhaust the State's coverage as the primary policy on the vehicle involved in the accident.[14] In response, the State filed this Motion for Summary Judgment pursuant to Superior Court Civil Rule 56, contending Plaintiff's exclusive remedy against it as her employer were the benefits she received under Delaware's Workers' Compensation Act ("WCA") and as a result, she is not "legally entitled to recover" UIM benefits under the State's insurance policy.

---

[10] *Id.* ¶ 6.
[11] *Id.* ¶ 7.
[12] *Id.* ¶ 8.
[13] *Id.* ¶ 9.
[14] Hearing Tr., 7:18-22 (May 11, 2015).

## STANDARD OF REVIEW

In deciding a motion for summary judgment pursuant to Superior Court Civil Rule 56, the Court must determine whether there are any genuine issues of material fact.[15] It is the burden of the moving party to prove that no such issues exist and the movant is entitled to judgment as a matter of law.[16] In reviewing a summary judgment motion, the Court must view all factual inferences in a light most favorable to the non-moving party.[17] Where it appears material facts remain disputed or that further inquiry into the factual circumstances is warranted, the Court will not grant summary judgment.[18]

## DISCUSSION

The Court is asked to decide whether Plaintiff may pursue a UIM claim against her self-insured employer, the State of Delaware, for essentially the same injuries she received workers' compensation in light of the WCA's exclusivity clause. For the foregoing reasons, the Court finds Plaintiff is barred from recovering UIM benefits under the State's policy.

Pursuant to 18 *Del. C.* § 3902, an insurer is required (1) to "include the minimum uninsured motorist coverage in the policy, unless explicitly rejected by

---

[15] Super. Ct. Civ. R. 56(c). *See also Wilm. Trust Co. v. Aetna*, 690 A.2d 914, 916 (Del. 1996).

[16] *See Moore v. Sizemore*, 405 A.2d 679 (Del. 1979).

[17] *See Alabi v. DHL Airways, Inc.*, 583 A.2d 1358, 1361 (Del. 1990).

[18] *See Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. Super. 1962), *rev'd in part* on procedural grounds and *aff'd in part*, 208 A.2d 495 (Del. 1965).

the insured" and (2) to "alert the insured that he [or she] may purchase supplemental underinsured motorist coverage."[19] UIM benefits in particular are governed under subsection (b), which requires insurers to offer the insured "the *option* to purchase additional coverage for personal injury or death up to a limit of $100,000 per person and $300,000 per accident or $300,000 single limit, but not to exceed the limits for bodily injury liability set forth in the basic policy" and specifies that "such additional insurance shall include underinsured bodily injury liability coverage."[20] "Acceptance of such additional coverage shall operate to amend the policy's uninsured coverage to pay for bodily injury damage that the insured…[is] legally entitled to recover from the driver of an underinsured motor vehicle."[21] An insurer is not obligated to pay UIM benefits "until after the limits of liability under all bodily injury bonds and insurance policies available to the insured at the time of the accident have been exhausted by payment of settlement or judgments."[22]

---

[19] *See Banaszak v. Progressive Direct Ins. Co.*, 3 A.3d 1089, 1094 (Del. 2010), as corrected (Sept. 3, 2010).

[20] *See* 18 *Del. C.* § 3902(b) (emphasis added).

[21] *Id*. § 3902(b)(1). Moreover, "[a]n insured who executes a release of a single tortfeasor … in exchange for payment of the entire limits of liability insurance afforded by the tortfeasor's liability insurer shall continue to be legally entitled to recover against that tortfeasor for the purposes of recovery against the insured's underinsurance carrier." *Id.* § 3902(b)(4).

[22] *Id*. § 3902(b)(3).

Under 2304 of the WCA, "[e]very employee… shall be bound …to accept compensation for personal injury … by accident arising out of and in the course of employment, regardless of the question of negligence and to the exclusion of all other rights and remedies."[23] Thus, in terms of sums recoverable from an employer, the injured employee is limited to amounts available under the WCA. In cases involving third party tortfeasors, however, § 2363 of the Act allows the employee to "recover against the tortfeasor when the third party is 'other than a natural person in the same employ.'"[24] Furthermore, Delaware law "does not prohibit 'a risk-averse insured from contracting for additional recovery.'"[25] In other words, Courts have allowed employees to collect both workers' compensation and UIM benefits in cases where the employee purchased his or her own personal UIM policy.[26] In those cases, the Delaware Supreme Court has reasoned that

---

[23] 19 *Del. C.* § 2304.

[24] *See Littlejohn v. State Farm Mut. Auto. Ins. Co.,* 2010 WL 2029058, *2 (Del. Super. May 21, 2010) (quoting *Grabowski v. Mangler*, 956 A.2d 1217,1220 (Del. 2008)). *See also* 19 *Del. C.* § 2363. The State's reliance on *Littlejohn v. State Farm* in support of this argument is thus misplaced. In *Littlejohn*, the Court held that an employee could not recover worker's compensation and UIM benefits from her employer for injuries sustained as a result of a co-worker's negligent conduct because the co-worker was acting within the course and scope of his employment. Plaintiff, on the other hand, was not injured by the negligence of a co-worker but by that of a third party, Ms. Ricks. Thus, *Littlejohn* cannot be read to preclude an employee like Plaintiff from recovering from a third party tortfeasor.

[25] *See Kelley v. Perdue Farms*, 123 A.3d 150, 154 (Del. Super. 2015) (quoting *Adams v. Delmarva Power & Light Co.,* 575 A.2d 1103, 1106 (Del.1990)).

[26] *See Miller v. State Farm Mut. Auto. Ins. Co.*, 993 A.2d 1049, 1053 (Del. 2010) ("The State Farm insurance policy was purchased and paid for by the Millers, whereas Miller's workers' compensation insurance was paid for by his employer. Because State Farm contributed nothing to the fund that created the collateral source and had no interest in that fund, State Farm should

"[r]estricting a double recovery in underinsured motorist cases would frustrate the reasonable expectations of the insured (created by the payment of insurance premiums) to recover under the policy, and thereby would defeat the General Assembly's purpose in enacting Section 3902."[27] However, the issue presently before the Court, whether § 2304 precludes an employee's recovery of UIM benefits from a self-insured employer *in addition* to workers' compensation paid by the employer, appears to be one of first impression. Put differently, the Court is confronted with a scenario in which the workers' compensation insurer and the UM/UIM insurer are the same entity, the State of Delaware.

The State's UM/UIM policy tracks the language of the statute and provides that it will "pay all sums the insured is *legally entitled* to recover as compensatory damages from the owner or driver of (a) an uninsured…[or] underinsured motor vehicle because of bodily injury sustained by the insured…."[28] With regard to Plaintiff, there is no question she (1) was operating an automobile covered by the policy, (2) exhausted the benefits available under tortfeasor's policy, and, (3) for purposes of this Motion, sustained damages in excess of those benefits. Nevertheless, the State asserts Plaintiff is precluded from recovering UIM benefits

---

not have been allowed to benefit from it.").
[27] *See id.* at 1056.
[28] Def. Mot. for Summ. J., Ex. D at 21 (emphasis added).

under its policy because she accepted benefits under the WCA "to the exclusion of all other rights and remedies."[29]

While the crux of the State's argument is that Plaintiff is precluded by the WCA from recovering UIM benefits under its policy, it would appear to the Court that initial consideration is warranted as to whether Plaintiff's injury was even covered by the State's policy in the first place. After all, "[o]nce an insured has purchased the statutory minimum, the insured is free as a matter of contract to procure as much or little optional insurance as it wants, and to allocate it among drivers as it chooses."[30]

The named insured on the policy at issue here is the State and it appears to have paid the premiums associated with its UIM coverage. Moreover, the policy expressly lists as an exclusion "bodily injury to any employee of the insured arising out of and in the course of his or her employment by the insured," but not to "bodily injury to domestic employees *not entitled to workers' compensation benefits*."[31] In response to the Court's inquiry as to why the State would provide self-insurance coverage for UM/UIM in the first place if such benefits were

---

[29] *See* 19 *Del. C.* § 2304.

[30] *See Stoms v. Federated Serv. Ins. Co.*, 125 A.3d 1102, 1106 (Del. 2015). Like the policy in *Stoms*, the State provides for $25,000 in PIP coverage, which exceeds the $15,000 minimum PIP coverage required in Delaware. *See id.* at 1106 n. 15 (citing 21 *Del. C.* § 2118(a)); Def. Mot. for Summ. J., Ex. D at 12 (added personal injury protection endorsement).

[31] Def. Mot. for Summ. J., Ex. D at 4 (emphasis added).

precluded by the WCA, the State submitted the affidavit of Debra Lawhead, Administrator of the State of Delaware Insurance Coverage Office.[32] Ms. Lawhead provided examples of UM/UIM coverage matters handled by her office where the WCA does not apply, including: independent contractors operating State vehicles, students on school busses, arrestees transported by police, prisoners transported by the Department of Corrections, etc.[33] In these cases, workers' compensation is not available and access to UM/UIM coverage would seem appropriate. Additionally, the Delaware Supreme Court has recognized that "[t]here is nothing improper under Delaware's insurance statutes about an employer providing higher optional levels of insurance to certain of its [employees] than to others."[34]

The basic tenant of the UM/UIM coverage, required to be offered in policies, is to insure that individuals have the ability to be compensated for their injuries beyond what may be available from a negligent tortfeasor's policy.[35] For those who have access to workers compensation, that is what is occurring by the benefits

---

[32] Lawhead Aff., D.I. 14, ¶¶ 2-4.

[33] *Id*. ¶¶ 7-10.

[34] *See Stoms*, 125 A.3d at 1106. *See also State Farm Mut. Auto. Ins. Co. v. Kelty*, 126 A.3d 631, 639 (Del. 2015) ("If insurance companies are forced to provide benefits beyond what policyholders contracted for and what is expressly required under the statute, they will undoubtedly raise the cost of such coverage, and thereby reduce the number of Delaware drivers who opt to pay for anything more than the statutory minimum.").

[35] *See, e.g., Lomax v. Nationwide Mut. Ins. Co.*, 964 F.2d 1343 (3d Cir. 1992) ("Under Delaware law, uninsured motorist coverage is designed to compensate innocent persons injured by automobile who are unable to obtain recompense from unknown or impecunious negligent tortfeasors for general damages, such as pain and suffering, as well as economic losses.").

10

they receive. As long as the employee's injuries remain, workers compensation will pay to compensate for the injury. So, in essence, workers compensation is playing the same role that the UIM benefits would provide for an individual who has access to them.

In this context, the exclusivity provision makes sense. If not there, the injured party would in effect be compensated twice for the same injury: first by workers compensation and second by the employer's UM/UIM insurance policy. While the legislature clearly intended to protect injured parties from underinsured tortfeasors, it did not intend it as a windfall beyond what would be the reasonable and appropriate cost for the disability caused by the accident.[36] While the Court would suggest that the State legislatively introduce clarifying language to support their positions and the language of the insurance policy be reviewed beyond the form document provided by their carrier, it finds that the phrase "exclusion of all rights and remedies" in 19 *Del. C.* § 2304 prohibits the Plaintiff from gaining access to the State's UM/UIM policy. As such, the summary judgment motion of the State is granted.

---

[36]*See Harmon v. F & H Everett & Associates*, 83 A.3d 737 (Del. 2013) (discussing exclusivity clause in context of workers' compensation and unemployment benefits) ("Although the Workers' Compensation Act contemplates full compensation, it is not intended to permit more than one recovery for a single loss.").

## CONCLUSION

As indicated above, the Court believes this issue requires clarification from the legislature. When that review is undertaken, the Court would suggest that a more thorough study of what injuries are covered by the WCA versus those covered under personal injury policies be done. It appears to the Court that recovery under both is not fully aligned, meaning the exclusivity provision could operate to unfairly deprive an employee of much-needed benefits. As noted by Plaintiff here, pain and suffering as well as wages beyond the WCA maximum compensation rate are not recoverable under the WCA but may be under a personal injury policy. To the extent there is an inconsistency in coverage, there should at least be a clear legislative mandate to reflect that was intended.

It is shocking to the Court that this precise issue has never been decided before in this jurisdiction. That also probably suggests that the parties to such litigation have believed for some time the exclusivity language of the Workers Compensation Act would prohibit such action. While the Court believes both parties have advanced strong arguments in support of their positions, in the end it finds the State's position is correct.

/s/ William C. Carpenter, Jr.
Judge William C. Carpenter, Jr.

12