# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

COUNCIL OF THE VILLAGE OF )
FOUNTAINVIEW )
CONDOMINIUM, )
                                    )
            Plaintiff,              )
                                    )
      v.                            )  C.A. No. N17C-06-027 WCC CCLD
                                    )
CORROZI-FOUNTAIN VIEW               )
LLC, et al.,                        )
                                    )
            Defendants,             )
                                    )
      &                             )
                                    )
UNITED NATIONAL                     )
CONSTRUCTION CO., INC.,             )
                                    )
            Defendant/Third-Party   )
            Plaintiff,              )
                                    )
      v.                            )
                                    )
ANTHONY KIM,                        )
                                    )
            Third-Party Defendant.  )


Submitted: July 21, 2021
Decided: June 9, 2022

**Plaintiff's Motion for Partial Summary Judgment – GRANTED**

**Motion for Summary Judgment of Third-Party Defendant Anthony Kim –
DENIED**


**MEMORANDUM OPINION**

Blake A. Bennett, Esquire; C. Scott Reese, Esquire; Dean R. Roland, Esquire; Cooch and Taylor, P.A., The Nemours Building, 1007 N. Orange St., Suite 1120, Wilmington, DE 19801. Attorneys for Plaintiff.

David L. Baumberger, Esquire; Law Offices of Chrissinger & Baumberger, 3 Mill Road, Suite 301, Wilmington, DE 19806. Attorney for Defendants Corrozi-Fountainview, LLC, Corrozi Builders LLC, and Frank Robino Companies LLC.

Kevin J. Connors, Esquire; Marshall Dennehey Warner Coleman & Goggin, The Nemours Building, 1007 N. Orange St., Suite 600, P.O. Box 8888, Wilmington, DE 19801. Attorney for Defendant TBS Construction LLC (aka/dba The Best Stucco LLC or Best Stucco LLC).

Louis J. Rizzo, Jr., Esquire; Reger Rizzo & Darnall LLP, Brandywine Plaza West, 1521 Concord Pike, Suite 305, Wilmington, DE 19803. Attorney for Defendant United National Construction Co., Inc.

Josiah R. Wolcott, Esquire; Connolly Gallagher LLP, 267 East Main Street, Newark, Delaware 19711. Attorney for Defendant United National Construction Co., Inc.

Thaddeus J. Weaver, Esquire; Dilworth Paxson LLP, One Customs House, 704 King Street, Suite 500, P.O. Box 1031, Wilmington, DE 19899. Attorney for Third-Party Defendant Anthony Kim.

**CARPENTER, J.**

The Court has two motions pending before it in the above-captioned litigation.[1]   The first is Plaintiff Council of the Village of Fountainview Condominium's ("Fountainview Council" or "Plaintiff") Motion for Partial Summary Judgment asserting that the action is not precluded by the appropriate statute of limitations. The second is Third-Party Defendant Anthony Kim's ("Anthony Kim") Motion for Summary Judgment. The Court apologizes for the delayed decision, but unfortunately this case became the victim of an overwhelmed court caused by the pandemic. On the positive side, the delay has resulted in the settlement with Defendant TBS Construction ("TBS") and that Defendant's Motion for Summary Judgment is now moot.

## I.      Relevant Facts and Procedural History

The painful history of the construction and management of this condominium complex is set out in detail in Plaintiff's brief in support of its Motion for Partial Summary Judgment.[2] Therefore, the Court will only summarize the key facts pertinent to this Motion.

---

[1] The Court appreciates there are Motions *in Limine* that are outstanding, but they will not be addressed until the case is closer to the trial date.

[2] Pl.'s Op. Br. in Support of its Mot. for Partial Summ. J., D.I. 245, p. 2 (Oct. 2, 2020)(hereinafter "Pl.'s Br.").

Construction of the condominiums began in 2006 when the developer began site improvements.[3] There are three buildings creatively named 1000, 2000, and 3000 with construction initially beginning with Building 1000.[4] Building 1000 received a Certificate of Occupancy from the City of Newark around October of 2007.[5] Building 3000 received a Certificate of Occupancy around June of 2008, and by November of 2008, only framing was completed on Building 2000.[6]

Sale of the condominium units was slow as the country was experiencing a recession and, in late 2008, the developers stopped construction of the remaining building.[7] In December of 2012, PNC Bank, which held a mortgage note on the property, filed a Complaint in Chancery Court seeking the appointment of a receiver.[8] Jason Powell, a Delaware attorney, was appointed as receiver on January 31, 2013.[9] The receiver was given the authority to finish the construction, sell the remaining units and try to recoup some of PNC's losses.[10] At the time Powell took over, the exterior of Building 2000 was completed, but the interior remained unfinished and the building was vacant.[11]

---

[3] *Id*. at p. 3.
[4] *Id*.
[5] *Id*.
[6] *Id*.
[7] *Id*.
[8] *Id*. at 6.
[9] *Id*. at 7.
[10] *Id*.
[11] *Id*.

Plaintiff asserts that in March of 2016, Powell was notified of a possible moisture issue in Building 3000.[12] After review by several architectural and engineering firms it was determined that all three buildings suffered water damage which led to the initiation of this lawsuit in June of 2017.[13] The Defendants argue that Powell was on inquiry notice based on the actions taken by PNC Bank as early as 2010.

On April 13, 2018, Powell filed a motion in Chancery Court to allow him to turn over control of the condominium association to the condominium owners.[14] At that time, forty-two units had been sold and thirty-seven remained unsold.[15] On August 8, 2018, the Chancery Court issued an Order approving the turnover process and on October 18, 2018, the newly elected condominium association met for the first time.[16]

Defendants have now asserted the statute of limitations as an affirmative defense claiming that Powell, who essentially was the condominium Council when appointed by the Chancery Court, failed to file this lawsuit within three years of

---

[12] *Id*. at 8.
[13] *Id*. at 13.
[14] *Id*.
[15] *Id*.
[16] *Id*. at 14.

having at least inquiry notice of the water damage, and his failure to act timely is a bar to the litigation.[17]

## II.    Litigation Status

As indicated previously, TBS has settled out of the case.[18] In reviewing the pleadings regarding this Motion, it appears TBS's counsel was the only party who filed a brief in opposition to Plaintiff's Motion.[19] Defendants Corrozi-Fountainview LLC, Frank Robino Companies, LLC and Corrozi Builders LLC simply filed a one-page pleading indicating they joined in TBS's opposition to the Plaintiff's Motion for Partial Summary Judgment.[20] In addition, counsel for these entities never presented his position during oral argument on the Motion. Such conduct calls the Court to question if the alleged opposition is substantive or simply pro forma. In any event, the Court will move forward to address the substance of the Motions.

### III. Standard of Review

In reviewing a motion for summary judgment pursuant to Superior Court Civil Rule 56, the Court must determine whether any genuine issues of material fact

---

[17] *Id.*

[18] Notice of Withdrawal of Certain Mots. Filed by Def., TBS Construction LLC (AKA/DBA The Best Stucco LLC or Best Stucco LLC), D.I. 295 (June 3, 2022).

[19] Resp. of Def., TBS Construction, LLC (aka dba The Best Stucco LLC or Best Stucco LLC) to Pl.'s Mot. for Partial Summ. J. Re: Statute of Limitations, D. I. 270 (Nov. 13, 2020).

[20] Defs.' Corrozi-Fountainview, LLC, Frank Robino Companies, LLC & Corrozi Builders LLC's Notice of Joinder and Adoption, D.I. 276 (Nov. 19, 2020).

exist.[21] The moving party bears the burden of showing that there are no genuine issues of material fact, such that he or she is entitled to judgment as a matter of law.[22] In reviewing a motion for summary judgment, the Court must view all factual inferences in a light most favorable to the non-moving party.[23] Where it appears that there is a material fact in dispute or that further inquiry into the facts would be appropriate, summary judgment will not be granted.[24] Additionally, "the standard for summary judgment 'is not altered'" with cross-motions for summary judgment.[25]

## IV. Discussion

### a. Plaintiff's Partial Motion for Summary Judgment

The issue raised in Plaintiff's Motion is unfortunately one that appears too often in condominium construction cases that are filed in this Court. In most cases, the builder/developer will create an entity to receive the condominium association fees when owners start occupying the building. These entities are controlled and managed by the builder/developer without any oversight from the condominium owners. This continues until a sufficient number of units are sold to allow for the creation of a condominium association from the owners of the units. Obviously, the

---

[21] Super. Ct. Civ. R. 56(c); *Wilm. Tru. Co. v. Aetna*, 690 A.2d 914, 916 (Del. 1996).

[22] *Moore v. Sizemore*, 405 A.2d 679, 680-81 (Del. 1979).

[23] *Alabi v. DHL Airways, Inc.*, 583 A.2d 1358, 1361 (Del. 1990).

[24] *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. Super. Ct. 1962), *rev'd in part* on procedural grounds and *aff'd in part*, 208 A.2d 495 (Del. 1965).

[25] *Total Care Physicians, P.A. v. O'Hara*, 798 A.2d 1043, 1050 (Del. Super. Ct. 2001) (citing *United Vanguard Fund, Inc. v. TakeCare, Inc.*, 693 A.2d 1076, 1079 (Del. 1997)).

builder/developer has an incentive to minimize the issues with the condominium units and the common areas and would certainly not file suit to correct issues if he would be implicated in defective construction.

Eventually the condominium owner association is created and upon filing suit, it is often confronted with the assertion that the litigation is untimely since the knowledge of the defect was known by the prior association entity. The argument forwards the knowledge from the prior entity to the new condominium association. But this situation often leads to an untenable circumstance resulting in homeowners being unable to recover for the negligent construction of their condominium units.

The only reasonable outcome to protect the rights of condominium owners against the unscrupulous conduct of the builder/developer is to create a clear line delineating when the condominium owner association obligation begins. In most cases, this will be when sufficient units have been sold to allow the creation of an owner-run association. It is at this point that it is fair and appropriate to begin the statute of limitations on any claim that they wish to proceed forward with in the future.

It is likely that the abuse noted by the Court is one of the reasons for the passage of the Delaware Uniform Common Interest Ownership Act ("DUCIOA") [26]

---

[26] 25 *Del. C.* §81-101.

which specifically states that, "any statute of limitations affecting the association's right of action against a declarant under this chapter is tolled until the period of declarant control terminates."[27]

The Court agrees that the facts here are somewhat unique in that the condominium fees were being collected by the receiver appointed by the Court of Chancery. So while he did not perhaps have the same motivation or concern that a builder/developer would have, it is important to appreciate his direction from the Court of Chancery was to complete construction, sell the units and minimize the losses suffered by PNC Bank.

Here, the receiver did what was expected and when appropriate turned over the condominium management to the condominium association. Specifically, members of the Fountainview Council were elected on September 25, 2018, and held their first meeting on October 18, 2018. It would be from this point that the condominium association's obligation to timely file litigation would begin. Since here we have the unusual situation of a suit having been filed before the owner association was created, the litigation is obviously timely filed by the owner-managed condominium association. Plaintiff's Motion for Partial Summary Judgment is hereby **GRANTED**.

---

[27] *Id*. at §81-311.

### b. Third Party Defendant Anthony Kim's Motion for Summary Judgment

United National Construction Company, Inc. ("United") is suing Anthony Kim as a third-party defendant alleging that United subcontracted Anthony Kim to install roofing, siding, and gutters for the condominium.[28] To the extent that Plaintiff is asserting the roof, siding, and gutters were negligently installed, United alleges that Anthony Kim—as sole proprietor and subcontractor—is responsible for any proximately caused damage.[29] Anthony Kim asks this Court to grant his Motion for Summary Judgment because he did not substantively work on the condominium.[30]

Anthony Kim maintains that he did not install siding, did not order any construction material, and did not hire anyone to install the condominium's siding and roofing.[31] Anthony Kim explains that he merely collected trash, took lunch orders, and delivered construction materials.[32] Anthony Kim argues that United's corporate witness' deposition confirms that his role was limited.[33] Anthony Kim asserts that United's corporate witness and vice president—Judy Kim, who is also Anthony Kim's aunt—testified that Anthony Kim was a new college graduate trying

---

[28] Answ., Affirm. Defenses and Third-Party Compl. of Def./Third-Party Pl. United National Construction Co., Inc., D.I. 66, ¶¶ 3, 5 (July 6, 2018)(hereinafter "Def. UNC Answ. and Third-Party Compl."); Def. United National Construction Co Inc.'s Resp. to Mot. for Summ. J. of Third-Party Def. Anthony Kim, D.I. 269, ¶3, at 2 (hereinafter "Def. UNC Resp.").

[29] *See* Def. UNC Answ. and Third-Party Compl., at ¶¶ 3, 4; *See* Def. UNC Resp. ¶3, at 2-3.

[30] Mot. for Summ. J. of Third-Party Def. Anthony Kim, D.I. 243, p. 1 (Oct. 2, 2020).

[31] *Id*. at ¶¶ 7-8 at 4-5.

[32] *Id*. at ¶ 7, 10 at 4, 6.

[33] *Id*. ¶ 5 at 2.

to learn the family business.[34] As such, Judy Kim asserted that Anthony Kim was essentially an intern and it was David Kim—Anthony Kim's father and Judy Kim's brother-in-law—who ran the condominium construction site.[35] Relying on his own testimony and United's corporate witness' testimony, Anthony Kim believes he is entitled to summary judgment.[36]

In response, United argues that Anthony Kim's Motion for Summary Judgment should be denied because there is "a genuine issue of material fact as to whether Anthony Kim was the subcontractor hired by United and therefore a responsible party to this action."[37] United asserts that not only did Anthony Kim concede he was a sole proprietor, but Anthony Kim also "testified that he was contracted to perform the roofing and siding work at Fountainview in a workmanlike manner."[38] However, United does not have the contract between United and Anthony Kim "due to the length of time that transpired between the actual construction of the condominium complex and the instant lawsuit."[39] Thus, to prove their contractual relationship, United relies on a Certificate of Liability Insurance

---

[34] *Id*. at ¶¶ 4-6.
[35] *Id*. ¶¶ 5-6.
[36] *Id*. ¶ 10.
[37] Def. UNC Resp. ¶14.
[38] *Id*. at ¶¶ 2-5.
[39] *Id*. at ¶6.

that names Anthony Kim as the insured subcontractor and United as the Certificate Holder for the relevant time period.[40]

At the time this Motion was filed, and argument occurred, there continued to be significant issues as to the role Anthony Kim played in this construction or at least the role his family placed him in.[41] The Court finds these questions remain and the record presently before the Court is not sufficient to grant summary judgment. There appears to be significant disputed issues of fact that perhaps only a jury will be able to resolve. Therefore, Anthony Kim's Motion for Summary Judgment is hereby **DENIED**.

## V. Conclusion

For the foregoing reasons, Plaintiff's Motion for Partial Summary Judgment is **GRANTED**, and Anthony Kim's Motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED.**

/s/ William C. Carpenter, Jr.
Judge William C. Carpenter, Jr.

---

[40] *Id*.

[41] The Court would suggest that counsel for United carefully review the circumstances regarding the relationship between his client and Anthony Kim as the propriety of it is clearly in question.

10