KENNETH L. RICHARDSON, Plaintiff Below, Appellant, v. JOHN T. HARDY & SONS, INC., a Delaware corporation, Defendant Below, Appellee, DELAWARE CONTRACTING COMPANY, a Delaware corporation, Defendant Below, Appellee, FACCIOLO CONSTRUCTION COMPANY, and BENJAMIN MADDIX, Third Party Defendants, Appellees.

(*June* 27, 1962.)

WOLCOTT, Justice; DUFFY, Judge, and SHORT, Vice Chancellor, sitting.

*Norman N. Aerenson* (of Aerenson and Balick) for Kenneth L. Richardson.

*William F. Taylor* (of Morford, Young and Conaway) for Joseph T. Hardy & Sons.

Supreme Court of the State of Delaware, No. 44, 1961.

WOLCOTT, J.:

This is an appeal by Kenneth L. Richardson, plaintiff, from the granting of a motion for summary judgment by Joseph T. Hardy & Sons, Inc., one of the defendants below. There are other defendants to the cause but for the purposes

of this appeal the only party defendant in interest is Joseph T. Hardy & Sons, Inc. (hereafter Hardy).

The action is one for personal injuries arising in the following manner. Richardson is the employee of a plumbing contracting company and, as such, was assigned by his employer to the job of installing a sewer connection between a house then under construction and the main sewer line in the street. In order to install the connecting line it was necessary to dig a ditch running from the house to the street.

Richardson's employer did not have the necessary digging equipment and, consequently, rented at an hourly rate from Hardy a back hoe. Hardy also furnished an operator for the back hoe and paid his wages. The back hoe was operated by Benjamin Maddix, one of the defendants, and employed as a general equipment operator by Hardy. Maddix's wages were paid by Hardy who received as rent for the machine a sum sufficient to recompense it for the use of the equipment and the expense of its operation.

Maddix reported to the scene with the back hoe. Richardson, the foreman on the job, instructed Maddix where to dig the ditch and how deep it was to be. Richardson also staked out for Maddix's guidance the ditch, itself, and directed him on which side of the trench to pile the dirt removed in the course of excavation, since it is customary to pile it on one side of the trench only so as to leave the other side free for other purposes.

The trench was dug by Maddix as far as the street to a depth of approximately 10 feet. Remaining in the trench were two large rocks which could not be dislodged by the back hoe. Richardson thereupon arranged with another contractor, one of the defendants to this cause, to blast out the rocks. This was done.

After the blasting of the rocks, Richardson descended into the ditch in order to gather the rock fragments together

and place them in the shovel of the back hoe to be removed. While engaged in this work, without warning, the trench caved in from whence came the injuries of which Richardson now complains.

Richardson charges that Hardy was negligent because, through its employee, Maddix, it piled the dirt too close to the trench when it knew or should have known that if the dirt was piled too close to the side of the trench it would cause the side wall to collapse.

Hardy moved for summary judgment in its favor. Judgment was entered in its favor on the ground that, even though Maddix was negligent, his negligence is not chargeable to Hardy because he, while in the general employ of Hardy, was a loaned employee to Richardson's employer and, thus, the operator's negligence, if any, was imputed to Richardson's employer and not to Hardy.

From this judgment Richardson appeals, asserting that the operator of the back hoe remained the employee of Hardy in the operation of that piece of equipment and that, accordingly, his negligence is imputed to his employer.

The general rule is that an employee, with his consent, may be loaned by his general employer to another to perform specific services, and that, in the course of and for the purpose of performing such services, he may become the employee of the specific employer rather than the employee of the general employer. Accordingly, a loaned employee may become the specific employer's employee while at the same time remaining, generally speaking, the employee of him who loans his services. *Restatement of Agency* 2d § 227.

Whether or not a loaned employee becomes the employee of the one whose immediate purpose he serves is always a question of fact, and depends upon whether or not his relationship to the specific employer has the usual elements of the employer-employee status. Fundamentally, it is not important

whether or not he remains the employee of the general employer as to matters generally. What is important to determine is, with respect to the alleged negligent act in question, whether or not he was acting in the business of and under the direction of the general or the specific employer. *Restatement of Agency* 2d, § 227, comment a; 35 *Am. Jur.*, Master and Servant, § 541. This is almost always determined by which employer has the right to control and direct his activities in the performance of the act allegedly causing the injury, and whose work is being performed. *Gallagher Transfer & Storage Co. v. Public Service Co.*, 111 *Colo.* 162, 138 *P.* 2d 926; *Wylie-Stewart Machinery Co. v. Thomas*, 192 *Okl.* 505, 137 *P.* 2d 556; *Kessler v. Bates & Rogers Const. Co.*, 155 *Neb.* 40, 50 *N. W.* 2d 553; *Van Gorder v. Eastchester Estates*, 207 *Misc.* 335, 137 *N. Y. S.* 2d 789.

■  It is important in the case at bar to realize just what act of Maddix is pointed to as having caused Richardson's injuries. The alleged negligent act was the piling of the dirt taken from the trench so close to the lip of the excavation as to cause the cave-in. It is obvious, therefore, that Maddix is not charged with the negligent operation of the back hoe, itself. If such was the case, then, undoubtedly, Hardy would have his negligence in the operation of the machine imputed to it since the owner of rented heavy equipment who supplies an operator for it is normally considered to retain control over the actual operation of the equipment so as to protect his interest in the machine. *Restatement of Agency* 2d, § 227, comment c.   Since the negligence charged is not an act of actual operation of the machine, this presumption has no bearing on the subject. The alleged negligent act is the piling of the dirt too close to the trench. It is not charged that the machine was negligently operated.

■  The question is, therefore, who had the right to direct the piling of the dirt as it was piled? If the right to do so remained in Hardy, then the negligence will be imputed to

it. If, on the other hand, that right belonged to the plumbing contractor, then no negligence will be imputed to Hardy.

It is clear that the plaintiff, Richardson, as the foreman of the plumbing contractor, directed Maddix to excavate in a particular place and manner, and to pile the dirt on the particular side of the excavation on which it was placed. Furthermore, as between Hardy and the plumbing contractor, it was agreed that the operator of the back hoe was to report to the site and to take his orders from the plumbing contractor's man in charge. Under the circumstances, we agree with the trial court that the plumbing contractor through its foreman, Richardson, was in sole control of the activities of the operator of the back hoe in this respect. We consequently think it correct as a matter of law that the operator of the machine was the employee of the plumbing contractor and not that of Hardy.

This does not mean that Hardy was removed as the general employer of Maddix. For all other purposes and in the actual operation of the machine, he remained the employee of Hardy. Consequently had the injury resulted from the faulty or careless operation of the back hoe, as such, the negligence of the operator might be imputed to Hardy, or at least an issue of fact presented for submission to the jury. This, however, is not the case at bar. We have no doubt but that Maddix, in piling the dirt where he did—the sole act of negligence charged—was under the sole control and direction of the plumbing contractor speaking through its foreman, Richardson. He was, therefore, the employee of the specific employer.

We have been cited to a number of cases by Richardson with the suggestion that they are authority for a contrary holding. The leading case relied upon is that of *Standard Oil Co. v. Anderson*, 212 *U. S.* 215, 29 *S. Ct.* 252, 53 *L. Ed.* 480. This case, however, is not contrary to the result we have approved. In the *Anderson* case an employee of a longshoreman company was injured by the faulty operation of a winch

owned by the shipping company and operated by its employee. It appears that by contract the longshoreman company was required to pay the shipping company a sum in compensation for hoisting by the shipping company's winch operated by its employee. It further appears that the longshoreman company had no control whatsoever over the operator of the winch beyond the giving of signals for the raising and lowering of the cargo hoist and the pure happenstance that the winch operator's hours of work, of necessity, conformed to those of the longshoreman employed.

Similarly, we are cited to *Younkers v. Ocean County* 130 *N. J. L.* 607, 33 *A.* 2d 898. In that case a judgment was affirmed against the owner of a roadgrader loaned to a city upon hire. The court applied the same test as to liability for negligence of an employee, that is, control over the activities of the employee. Upon examination of the record before it, the court recites several different elements pointing toward control by the owner of the road grader and several additional elements pointing to control by the borrower of the roadgrader. Under the circumstances, therefore, it was held that it was proper to deny a motion for a directed verdict in favor of the owner and to submit the issue to the jury.

*Bartolomeo v. Charles Bennett Contracting Co.,* 245 *N. Y.* 66, 156 *N. E.* 98, is not in point. That case involved injury caused by the operation of a steam shovel whose owner furnished the crew and paid their wages, renting the equipment out for hire. It was held that injuries caused by the negligent operation of the steam shovel were the repsonsibility of the owner under the circumstance that no control whatsoever was exercised by the person paying the hire for the machine beyond the direction to point out the spot to be excavated. This case, too, we think, not in conflict with the result approved by us in the case at bar.

*Driscoll v. Towle,* 181 *Mass.* 416, 63 *N. E.* 922, and *Murphy v. Lindahl* 24 *Ill. App.* 2d 461, 165 *N. E.* 2d 340, and

*Pennsylvania Smelting & Refining Co. v. Duffin,* 363 *Pa.* 564, 70 *A.* 2d 270, 17 *A. L. R.* 2d 1384, were cases in which the injury resulted from the actual operation of the equipment, itself, and as to which the owner or general employer had retained control with the power to direct the method of operating it.

We hold, therefore, that the negligent piling of the dirt too close to the edge of the excavation, if this be negligence, is not imputable to Hardy, the owner and renter of the equipment, since it had no control over the act in question, and that act was not done at its direction.

For the foregoing reasons, the judgment below is affirmed.