**Catherine BRITTINGHAM, Executrix of the Estate of John William Brittingham, t/a Brittingham Construction Company, a partnership, Plaintiff Below, Appellant,**

v.

**AMERICAN DREDGING COMPANY, a corporation of the Commonwealth of Pennsylvania, Defendant Below, Appellee.**

Supreme Court of Delaware.

Jan. 16, 1970.

Victor F. Battaglia, Wilmington, for appellant.

Robert G. Carey of Prickett, Ward, Burt & Sanders, Wilmington, for appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

This is an appeal from a judgment entered for the defendant after trial by the court without a jury. Defendant, American Dredging Company, contracted to dredge a channel and turning basin at Lewes for the Cape May-Lewes Ferry. The operation consisted of dredging and pumping water, sand and mud into a spoil area. The spoil area required a bulldozer operating within it to keep pushing material up against the dikes enclosing the area to overcome the erosion caused by the water runoff.

Plaintiff's decedent operated a partnership business leasing heavy equipment and operators. The partnership agreed with defendant to lease various pieces of equipment "manned and maintained at an hourly rate." Among the equipment thus leased was a bulldozer operated by William Moore, an employee of the partnership. This bulldozer operated within the spoil area maintaining the dikes against erosion.

While so operating, the bulldozer became mired to an extent requiring the shutdown of the pumping operation from the dredge in order to extricate the machine. The bulldozer was mired in several feet of mud and sand, caused, it seems plain, by the action of Moore rocking the bulldozer back and forth in attempts to dislodge it. This is characterized in the evidence as negligent operation. It seems clear that these attempts merely dug the machine in further in the muck. The resulting damage to the machine was in the neighborhood of $5,000.

On the assumption that Moore's negligence caused the damage, the partnership sued the Dredging Company, alleging that he was its employee; that his negligence was imputed to it, and that accordingly it was responsible in damages. The trial judge ruled that the partnership did not meet the burden of proof placed on it to prove that Moore was the employee of the defendant, and gave judgment for the defendant.

■ Ordinarily, when the owner of heavy equipment rents the equipment to another and supplies an operator under a fixed charge covering the rental cost, including the wages of the operator, he is considered to retain control over the actual operation of the equipment so as to protect his interest in it. In the actual operation of the machine, the operator is the employee of the owner. Richardson v. J. T. Hardy & Son, Inc., 4 Storey 567, 182 A.2d 901.

■ However, when the machine and operator are leased to another and the lessee is given the right to control the time, place and manner in which the work is to be performed, then the operator may have a duality of employment; i.e., to the owner of the machine and, at the same time, to the lessee of the machine. Richardson v. Hardy, supra.

A narrow factual question is thusly presented. Was this machine injured as a result of an attempt to carry out the specific directions of the defendant as to the

manner in which the work should be done, and did the defendant have such degree of control over the actual operation of the machine as to authorize the directions?

■ The conclusion of the trial judge that plaintiff had not borne its burden of proof on this issue means that he found that the preponderance of the evidence did not support the existence of such right to control by the defendant. When review is sought of factual findings based as here upon "live" testimony, our function is solely to examine the record to see if there is sufficient evidence to support the finding. If there is, then our duty is to affirm. Nardo v. Nardo, Del., 209 A.2d 905.

The evidence in the case at bar is that the plaintiff selected the operator of the machine, retained the right to discharge him, retained the right to determine and supervise the method of operating the machine, paid the operator's wages, and paid for the upkeep and maintenance of the machine. The evidence further shows that defendant could not, and did not, attempt to control the actual operation of the machine; could not discharge the operator but only complain to plaintiff about him, and had no responsibility for the upkeep and care of the machine.

■ The only matter of control the defendant was authorized to exercise was to point out the area in which it desired the operator to work, and the result it wanted him to accomplish. This limited type of control and its exercise by the lessee is not sufficient control to make the operator the lessee's employee, and to impute his negligence to it. Standard Oil Co. v. Anderson, 212 U.S. 215, 29 S.Ct. 252, 53 L.Ed. 480.

We are therefore of the opinion that the evidence before the trial judge not only supports his conclusion, but requires it.

The judgment below is affirmed.