Marvin FAIRCLOTH, Jr., and Richard Rice Trailer Co., Inc., Plaintiffs Below, Appellants,

v.

Donald RASH and Chambers' Dodge Truck Center, Inc., Defendants Below, Appellees.

RICHARD RICE TRAILER CO., INC., Third Party Defendant Below, Appellant,

v.

Donald RASH and Chambers' Dodge Truck Center Inc., Defendants Below, Appellees.

Supreme Court of Delaware.

Jan. 21, 1974.

Steven J. Rothschild, of Prickett, Ward, Burt & Sanders, Wilmington, for Marvin Faircloth, Jr., and Richard Rice Trailer Co., Inc., plaintiffs below.

Ernest V. Keith, Dover, for Richard Rice Trailer Co., Inc., third party defendant below, appellants.

Samuel R. Russell, Wilson & Russell, Wilmington, for Chambers' Dodge Truck Center, Inc., defendant below, appellee.

HERRMANN, Chief Justice, and CAREY and DUFFY, Associate Justice, sitting.

PER CURIAM:

The critical question in these appeals is whether the Superior Court correctly applied the "borrowed-servant" doctrine in granting summary judgment to defendants.

The complaint is based on negligence resulting in substantial fire damage and that claim and its causal relationship to an alleged injury are ordinarily issues of fact for the jury. Cf. Collins v. F. W. Woolworth Co., Del.Supr., 295 A.2d 732 (1972); Vanaman v. Milford Memorial Hospital, Inc., Del.Supr., 272 A.2d 718 (1970); Howard v. Food Fair Stores, New Castle, Inc., Del.Supr., 7 Storey 471, 201 A.2d 638 (1964); and see Torrack v. Corpamerica, Inc., Del.Super., 1 Storey 254, 144 A.2d 703 (1958). But when undisputed facts compel only one conclusion, the Trial Court has a duty to enter a judgment consistent therewith. And that is what the Superior Court did in this case.

The Delaware law as to the borrowed-servant doctrine is settled by this Court's decision in Richardson v. John T. Hardy & Sons, Inc., Del.Supr., 4 Storey 567, 182 A. 2d 901 (1962). The Trial Court correctly

applied the rule of *Richardson*. In saying this we note that it is undisputed that:

(1) Defendant who "borrowed" the employee regularly had a welder in its employ.

(2) Said defendant supplied all parts of the trailer hitch to be mounted (including instructions for mounting which came with the component parts), all tools (including the welding equipment) and gave the employee directions as to what work to do (i. e., to attach a specific trailer hitch to a specific automobile); defendant also gave certain directions as to where the hitch was to be placed.*

(3) At the time of the alleged negligence the employee was acting in the business of Richard Rice Trailer Co. which had sold the trailer and which wanted the hitch connected; and he was acting under the direction of that company in mounting the hitch.

The only reasonable conclusion from the record is that the borrowing employer (Rice Trailer) had the right to control and direct the employee's activities in the performance of the act (the welding) which allegedly caused the injury. Richardson v. John T. Hardy & Sons, Inc., supra. Whether it exercised that right is not significant. 53 Am.Jur.2d, Master & Servant § 415.

Affirmed.

---

* In his opinion the Trial Judge stated these facts as follows:

"When Rash arrived at Rice's garage he was told what was to be done. He was shown where the hitch was, where the parts were, where to do the job, and what equipment was available. He was told to check the height of the camper so that the ball on the hitch would be installed at the proper height. No other instructions were given, and he was left alone to do the welding.

.    .    .    .    .

The work was performed at Rice's place of business. Rice supplied the hitch to be installed, the necessary parts, and the welding equipment. Rice told Chambers when to send Rash over, told Rash what was to be done, and showed him where the work was to be performed. Rash was reminded to check the height of the ball and hitch, but received no instruction on how to weld. Nevertheless, if instructions had been deemed necessary, they could have been given, and no one but an employee of Rice was present to give any such instructions."