**Thomas PORTER, Plaintiff Below, Appellant,**

v.

**PATHFINDER SERVICES, INC. and Thomas Sadler, Defendants Below, Appellees.**

No. 48, 1996.

Supreme Court of Delaware.

Submitted: Aug. 6, 1996.
Decided: Oct. 8, 1996.

---

Lee John Ramunno and David R. Scerba of Ramunno and Ramunno, P.A., Wilmington, for Plaintiff–Appellant.

David G. Culley of Tybout, Redfearn and Pell, Wilmington, for Defendants–Appellees.

Before VEASEY, C.J., WALSH and HARTNETT, JJ.

HARTNETT, Justice.

Appellant Thomas Porter was injured while an employee of Appellee Pathfinder Services, Inc. He claims that the Superior Court erred when it held that the Delaware Workers' Compensation Act provides the exclusive remedy for Porter notwithstanding that he received his pay from Casey Employment Services rather than directly from Pathfinder. We agree with the Superior Court's grant of summary judgment dismissing Porter's claim and, therefore, affirm.

I.

The essential facts are not disputed and the parties agree that if an employment relationship existed between Porter and Pathfinder the Delaware Workers' Compensation Act, 19 Del.C., Ch. 23, furnishes the exclusive remedy to Porter for compensation for the injuries he suffered in an automobile accident while at work.

On December 16, 1992 Porter sought placement by Casey for temporary employment as an electrical technician. Casey operates an employment service that furnishes temporary employees to various employers and is not engaged in the electrical contracting business. On the following day Casey sent Porter to Pathfinder, an electrical contractor, to work as an electrical technician. Porter continued to perform services as an electrical technician for Pathfinder on a full-time basis until May 10, 1993 when he was injured in an automobile accident. Porter was a passenger in a Pathfinder vehicle driven by Appellee Thomas Sadler, an employee of Pathfinder when the two were returning to the Pathfinder shop for a safety meeting. Following the accident, Porter received benefits through the workers' compensation insurance carried by Casey. He then brought suit against Pathfinder and Sadler, alleging a tort claim for his injuries.

Porter never reported to or performed any work for Casey and, according to the uncontroverted deposition testimony of Casey's President, Pathfinder was solely responsible for the day-to-day supervision of Porter's work activities.

During his work assignment with Pathfinder, Porter worked only with Pathfinder employees and performed only electrical technician work. He reported to Pathfinder each morning and at the end of each work day. Porter was supervised by Pathfinder employees and he followed all of Pathfinder's policies, including the use of seat belts and ladders. Pathfinder provided Porter with all of the tools, equipment and materials he needed to perform his work and he could not leave the work site without Pathfinder's permission. Pathfinder could hire or fire Porter at its discretion.

Pursuant to the contract between Pathfinder and Casey, Pathfinder paid Casey for Porter's services at a rate of 1.34 times his hourly rate. Casey then paid Porter. The surcharge was used to cover Casey's fee and mandatory employment charges including workers' compensation insurance premiums for Porter.

The Superior Court found that there was no material fact in dispute as to the determinative issue that Pathfinder alone exercised control over Porter's work at the time of his injury and that an implied contract of hire existed between Porter and Pathfinder as a matter of law. The Superior Court therefore granted summary judgment dismissing the suit on the basis that the Delaware Workers' Compensation Act provides the sole remedy for Porter against his employer-Pathfinder and his fellow employee-Sadler. 19 Del.C. § 2304. *Mergenthaler v. Asbestos Corp. of America*, Del.Supr., 480 A.2d 647, 650 (1984).

## II.

■ The existence of an employer-employee relationship is an issue of law. The test is who hired the worker, had the power to discharge him, paid his wages, and was in control of the worker's activities while he was working. *Barnard v. State*, Del.Super., 642 A.2d 808 (1992), *aff'd*, Del.Supr., 637 A.2d 829, 1994 WL 12724 (1994); *Lester C. Newton Trucking Co. v. Neal*, Del.Supr., 58 Del. 55, 204 A.2d 393 (1964). The greatest weight is given to the issue of control. *Barnard*, 642 A.2d at 815; *White v. Gulf Oil*, Del.Supr., 406 A.2d 48 (1979).

■ Using this test, the Superior Court correctly found that an employer-employee relationship existed between Porter and Pathfinder and that Porter was the special employee of Pathfinder as a matter of law. This is consistent with the holding in *Sorenson v. Colibri Corp.*, 650 A.2d 125 (R.I.Supr. 1994). It is also analogous to the borrowed servant rule. *Richardson v. John T. Hardy & Sons, Inc.*, Del.Supr., 54 Del. 567, 182 A.2d 901, 902 (1962).

## III.

■ Porter's claim that the contract between Casey and Pathfinder precluded him from being a special employee of Pathfinder for purposes of the Delaware Workers' Compensation Act is misplaced. Porter focuses on the language in the contract that states:

"Pathfinder may hire any Casey employee after the employee has completed 1000 hours on Pathfinder assignments. Alternatively, only 500 hours are required if Pathfinder has paid 1.43 times the employee's compensation. In addition, Casey will release any employee before its hourly requirement has been met in exchange for an equally extended assignment for a similar employee."

This language appears in the context of the employment agency agreement whereby Casey found a temporary job for Porter with Pathfinder. The contract must be construed in its context as a whole. *E.I. duPont De Nemours and Co., Inc. v. Shell Oil Co.*, Del. Supr., 498 A.2d 1108 (1985). The intent of the quoted language was to protect Casey, an employment agency, from not receiving its fee for a minimal period. It was not intended either to preclude an implied contract of hire between Porter and Pathfinder or to constitute a waiver by Pathfinder of its rights under the Workers' Compensation Act.

As a matter of law, therefore, Porter's appeal is without merit and, therefore, the judgment of the Superior Court is **AFFIRMED.**