**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

SHAWANA LAYNE (f/k/a Shawana Singleton) )
as Guardian Ad Litem and Next Friend to )
FRANK LAYNE, JR., )
 )  C.A. No. N12C-12-057 EMD
   Plaintiff, )
 )
   v. )
 )
GAVILON GRAIN, LLC, et. al., )
 )
 )
   Defendants. )

Submitted: August 11, 2015[1]
Decided: August 13, 2015

*Upon Consideration of
Plaintiff's Motion for Application for Certification of Interlocutory Appeal*

*Upon Consideration of
Motion of Defendant, MSP Equipment Rentals, Inc. Joining Plaintiff's Motion
for Application of Certification of Interlocutory Appeal*
***DENIED***

Jeffrey M. Gentilotti, Esquire, David A. Denham, Esquire, Bifferato and Gentilotti LLC, Newark, Delaware, *Attorneys for Plaintiff Shawana Layne (f/k/a Shawana Singleton) as guardian ad litem and next friend to Frank Layne, Jr.*

Cynthia G. Beam, Esquire, The Law Office of Cynthia G. Beam, Newark, Delaware, *Attorney for Defendant, MSP Equipment Rentals, Inc.*

Robert G. Devine, Esquire, Michael W. Horner, Esquire, Rochelle L. Gumapac, Esquire, White and Williams LLP, Wilmington, Delaware, *Attorneys for Defendants Gavilon Grain, LLC and Hector Cabrera.*

---

[1] The last pleading on this matter was received by the Court on August 3, 2015, but Mr. Layne had noticed an appeal with the Delaware Supreme Court on August 4, 2015 (the "Supreme Court Appeal"). The Supreme Court Appeal, arguably, divested this Court of the power to decide pending motions relating to the issues on appeal. On August 11, 2015, Mr. Layne dismissed the Supreme Court Appeal and this Court now has the jurisdiction to decide the pending motions for certification of interlocutory appeal.

**DAVIS, J.**

## I. INTRODUCTION AND PROCEDURAL HISTORY

This is a negligence action brought by Plaintiff Shawana Layne (f/k/a Shawana Singleton) as guardian *ad litem* and next friend to Frank Layne, Jr. This matter arises from a November 10, 2011, work place accident which caused injury to Mr. Layne and Defendant, Jair "Hector" Cabrera. The accident took place at a facility operated by Defendant Gavilon Grain LLC ("Gavilon"). Access Labor Services, Inc. ("Access") had assigned Mr. Layne as a general laborer to Gavilon's facility. Several lawsuits arose from that accident, including the instant action wherein Mr. Layne[2] filed suit against several parties, including Gavilon, Mr. Cabrera, MSP Equipment Rentals, Inc., and Terex Corporation which was subsequently substituted with Genie Industries, Inc.

On September 19, 2014, Gavilon filed the Motion for Summary Judgment of Defendants, Gavilon Grain LLC and Hector Cabrera (the "Gavilon SJ Motion"). On October 3, 2014, Mr. Layne filed the Plaintiff's Response to Defendants Gavilon Grain LLC and Jair Cabrera's Motion for Summary Judgment and Plaintiff's Cross Motion for Summary Judgment (the "Layne SJ Motion"). The parties filed these motions in order to obtain a ruling from the Court on the issue of whether Mr. Layne's claims against Gavilon and Mr. Cabrera, as well as the punitive damages claim, are barred by the exclusive remedy provision of Delaware's Workers' Compensation Act (the "Act"). The Court had set August 29, 2014 as the discovery deadline in relation to this issue.

The Court held a hearing on the motions and cross motions for summary judgment on March 16, 2015. All parties appeared and presented arguments in support of their respective

---

[2] For purposes of this Opinion, the Court will use Mr. Layne as the plaintiff. The Court understands that Ms. Layne is bringing this negligence action against the various defendants as guardian *ad litem* and next friend.

positions. Moreover, the parties seemed to agree that the issue of whether Mr. Layne was a "borrowed servant" or not was ripe for adjudication by the Court. After the hearing, the Court reserved its decision.

Subsequently, on May 29, 2015, Mr. Layne's counsel completed a second deposition of James Engler, the facility manager for Gavilon. After the deposition, Mr. Layne immediately requested that the Court refrain from issuing any formal ruling on the pending dispositive motions so that the parties could supplement the record. The Court held a hearing on June 22, 2015. At the June 22, 2015 hearing, Mr. Layne's counsel asked the Court to allow the record to be supplemented with facts garnered from Mr. Engler's second deposition and a June 29, 2015 deposition of Mr. Cabrera.

After reviewing the parties' submissions and hearing the parties' arguments, the Court granted Mr. Layne's request to file supplemental briefing to include facts from Mr. Engler's deposition but denied the request to keep the record open for briefing until after Mr. Cabrera's deposition. On June 25, 2015, Mr. Layne filed the Supplemental Brief in Support of Plaintiff's Response to Defendants Gavilon Grain LLC and Jair Cabrera's Motion for Summary Judgment and Cross Motion for Summary Judgment. On June 29, 2015, Gavilon filed the Reply Brief of Defendants Gavilon Grain LLC and Hector Cabrera to the Supplemental Opposition Brief of Plaintiff Shawana Layne, as guardian *ad litem* and next friend to Frank Layne Jr. to their Motion for Summary Judgment.

On July 10, 2015, the Court issued its ruling on the motions for summary judgment. The Court granted the relief sought in the Gavilon SJ Motion and denied the relief sought in the Layne SJ Motion.

On or about July 17, 2015, counsel for Mr. Layne filed the Plaintiff's Motion for Application for Certification of Interlocutory Appeal (the "Layne Interlocutory Motion"). It also appears that Mr. Layne noted the Supreme Court Appeal on August 4, 2015. Arguably, this Court lost jurisdiction over the issues on appeal until the Supreme Court Appeal was resolved; however, it appears that the Delaware Supreme Court, on August 11, 2015, closed the appeal due to Mr. Layne voluntarily dismissing the appeal taken on August 4, 2015. On or about July 27, 2015, Gavilon filed the Response of Defendants' Gavilon Grain LLC and Hector Cabrera in Opposition to Plaintiff Shawana Layne, as Guardian Ad Litem and Next of Friend to Frank Layne, Jr.'s Request for Certification of Interlocutory Appeal (the "Response"). Finally, Defendant MSP Equipment Rentals, Inc. ("MSP") filed its Motion of Defendant, MSP Equipment Rentals, Inc. Joining Plaintiff's Motion for Application for Certification of Interlocutory Appeal (the "MSP Interlocutory Motion") on August 3, 2015.[3]

For the reasons stated herein, the Layne Interlocutory Motion and the MSP Interlocutory Motion are **DENIED**

## II.     LEGAL STANDARD AND DISCUSSION

Supreme Court Rule 42(b) sets out the standard for certifying an interlocutory appeal. "No interlocutory appeal will be certified by the trial court or accepted by this Court unless the order of the trial court determines a substantial issue, establishes a legal right and meets 1 or more of the following criteria: . . . ."[4] Therefore, a plaintiff must show that a court's order: (1)

---

[3] The MSP Interlocutory Motion does not make any new or different arguments than those made in the Layne Interlocutory Motion. Instead, the MSP Interlocutory Motion incorporates by reference the arguments raised in the Layne Interlocutory Motion.

[4] DEL. R. S. CT. RULE 42

4

determined a substantial issue; (2) established a legal right and (3) met at least one of the five additional criteria listed under Rule 42(b),[5] in order to certify the appeal.

Mr. Layne contends that this Court should enter an order certifying an interlocutory appeal here because the Court's decision to grant the Gavilon SJ Motion (i) decided a substantial issue of material importance; (ii) involved a question of law that relates to the application of statute of this State which has not been, but should be settled by the Delaware Supreme Court; (iii) could inefficiently expend judicial resources by having certain remaining matters tried on the pending trial schedule and then a second trial after remand on Mr. Layne's appeal; and (iv) creates public policy concerns where employers are incentivized to hire temporary employees into situations for which they are not trained or are otherwise safe.

Gavilon opposes an interlocutory appeal. Gavilon claims that the Court's decision to grant the Gavilon SJ Motion (i) properly applied long-standing legal precedent to a statute of this State; (ii) did not involve any unprecedented or controversial rulings and, instead, utilized legal tests set out in prior decisions of the Delaware Supreme Court; and (iii) does not create trial inefficiencies and an interlocutory appeal would derail a trial set to begin on March 7, 2016.

The Court agrees that its order granting the Gavilon SJ Motion on the claims of Mr. Layne, Genie Industries, Inc. and MSP against Gavilon determined a substantial issue and established a legal right. The Court's determination that Mr. Layne was a special employee of

---

[5] The five additional criteria of Supreme Court Rule 42(b) are:
    (i) *Same as Certified Question.* Any of the criteria applicable to proceedings for certification of questions of law set forth in Rule 41; or
    (ii) *Controverted Jurisdiction.* The interlocutory order has sustained the controverted jurisdiction of the trial court; or
    (iii) *Substantial Issue.* An order of the trial court has reversed or set aside a prior decision of the court, a jury, or an administrative agency from which an appeal was taken to the trial court which had determined a substantial issue and established a legal right, and a review of the interlocutory order may terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice; or
    (iv) *Prior Judgment Opened.* The interlocutory order has vacated or opened a judgment of the trial court; or
    (v) *Case Dispositive Issue.* A review of the interlocutory order may terminate the litigation or may otherwise serve considerations of justice.

Gavilon meant that a number of claims against Gavilon and Mr. Cabrera were barred by the exclusive remedy provision of Delaware's Workers' Compensation Act (the "Act").

Pursuant to Supreme Court Rule 42(b), Mr. Layne must also demonstrate that the order granting the Gavilon SJ Motion meets one or more of the additional criteria set forth at Rule 42(b)(i)-(v). Of those five possible criteria, Mr. Layne appears to assert that Rule 42(b)(iii) applies, arguing that (i) the Court's decision relates to the application of a statute which has not been, but should be settled by the Delaware Supreme Court and (ii) an interlocutory appeal will substantially reduce litigation or otherwise serve consideration of justice.

Here, the Court does not agree with Mr. Layne. The Court did not make a decision that relates to a statute, 19 *Del. C.* § 2304, that has not been, but should be settled by the Delaware Supreme Court. The Court relied heavily on *Lester C. Newton Trucking Co. v. Neal*[6] and *Porter v. Pathfinder Services, Inc.*[7] in making its decision to grant the Gavilon SJ Motion. Both of those cases involve the Delaware Supreme Court settling similar issues to those raised here under 19 *Del. C.* § 2304. In *Lester C. Newtown Trucking Co.*, the Delaware Supreme Court set out a four part test that the courts should apply when determining whether a worker is an "employee" under the Act: (1) who hired the employee; (2) who may discharge the employee; (3) who pays the employee's wages; and (4) who has the power to control the conduct of the employee when he is performing the particular job in question.[8] In *Porter*, the Delaware Supreme Court subsequently used this test when determining that the Act barred the negligence claims of an employee – hired and paid by a placement agency but working for another temporary employer – against his temporary employer.[9]

---

[6] 204 A.2d 393 (Del. 1964).
[7] 683 A.2d 40 (Del. 1996).
[8] 204 A.2d at 395.
[9] 683 A.2d at 42.

6

The Court also does not find that an interlocutory appeal will substantially reduce litigation or otherwise serve the consideration of justice. Mr. Layne's remaining claims are asserted against various defendants and are premised in various forms of product's liability – *i.e.*, strict liability, negligence, breach of express and implied warranties, etc. A review of this Court's decision on the Gavilon SJ Motion will not terminate the litigation against entities that rented the aerial lift, or otherwise designed, manufactured, produced, marketed and/or distributed the aerial lift at issue here. In fact, the Court could try those matters separately and without much overlap with the claims asserted by Mr. Layne against Gavilon and Mr. Cabrera. As for Mr. Layne's remaining contentions, the Court notes that these same public policy concerns should have been "loosed" upon the workplace when the Delaware Supreme Court rendered its decision in *Porter* – a case involving the Act and an employee hired and paid by a placement agency but working for another temporary employer.

### III. CONCLUSION

For the foregoing reasons the Layne Interlocutory Motion and the MSP Interlocutory Motion are **DENIED**.

**IT IS SO ORDERED.**

/s/ *Eric M. Davis*
Eric M. Davis, Judge

7