**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| DISCOVER PROPERTY AND CASUALTY | ) | |
| INSURANCE COMPANY, Individually and | ) | |
| a/s/o ACCESS LABOR SERVICE, INC., and | ) | |
| FRANK LAYNE, JR., | ) | C.A. No. N12C-10-042 EMD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GAVILON GRAIN, LLC, d/b/a | ) | |
| PEAVY COMPANY, LLC | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: August 3, 2015[1]
Decided: August 13, 2015

*Upon Consideration of*
*Plaintiff's Motion for Application for Certification of Interlocutory Appeal*

***DENIED***

Louis J. Rizzo, Jr., Esquire, Reger Rizzo Darnall LLP, Wilmington, Delaware, *Attorney for Plaintiff Discover Property and Casualty Insurance Company*.

Robert G. Devine, Esquire, Michael W. Horner, Esquire, Rochelle L. Gumapac, Esquire, White and Williams LLP, Wilmington, Delaware, *Attorneys for Defendants Gavilon Grain, LLC*.

**DAVIS, J.**

---

[1] The last pleading on this matter was received by the Court on August 3, 2015, but Plaintiff Discover Property and Casualty Insurance Company ("Discover") noticed an appeal with the Delaware Supreme Court on August 12, 2015 (the "Supreme Court Appeal"). Under Del. R. S. Ct. Rule 42(c)(iii), this Court needed to act on the certification request within ten days of the filing of Defendant Gavilon Grain's response to Discover's request for certification – *i.e.*, August 13, 2015. The Supreme Court Appeal, arguably, divested this Court of the power to decide pending motions relating to the issues on appeal. On August 12, 2015, the Delaware Supreme Court informed Discover that no further action would be taken until compliance with Del. R. S. Ct. Rule 42(d). Under the circumstances and to preserve resources, the Court will still issue this decision pending an indication from the Delaware Supreme Court as to whether or not it will treat the decision as void or voidable due to the pending Supreme Court Appeal.

## I. INTRODUCTION AND PROCEDURAL HISTORY

This is a subrogation action brought by Discover, individually and as subrogee for Access Labor Service, Inc. and Frank Layne, Jr. This matter arises from a November 10, 2011, work place accident which caused injury to Mr. Layne and Jair "Hector" Cabrera. The accident took place at a facility operated by Defendant Gavilon Grain LLC ("Gavilon"). Access Labor Services, Inc. had assigned Mr. Layne as a general laborer to Gavilon's facility. Several lawsuits arose from that accident, including the instant action wherein Discover filed a subrogation suit against Gavilon.

Discover asserts two causes of action against Gavilon – one for breach of contract and one for negligence. On September 19, 2014, Gavilon filed the Motion for Partial Summary Judgment of Defendant, Gavilon Grain LLC (the "Gavilon SJ Motion"). Gavilon sought summary judgment as to the negligence claim only, contending that Discover's negligence claim is barred by the exclusive remedy provision of the Workers' Compensation Act (the "Act") because Mr. Layne was Gavilon's borrowed servant.

On October 9, 2014, Discover filed its Opposition to Defendant Gavilon Group LLC's Motion for Partial Summary Judgment (the "Opposition"). On October 31, 2014, Gavilon filed the Reply Brief of Defendant Gavilon Grain LLC to the Opposition of Plaintiff Discover Property Casualty Insurance Company to its Motion for Summary Judgment (the "Reply"). The Court held a hearing on the Gavilon SJ Motion, and the companion cases, on March 16, 2015. After the hearing, the Court reserved its decision. Subsequently, additional discovery, and supplemental briefing was submitted to the Court in the companion case, *Shawana Layne (f/k/a Shawana Singleton) as Guardian Ad Litem and Next Friend to Frank Layne, Jr. v. Gavilon Grain LLC et al.*, C.A. No. N12C-12-057. The Court refrained from issuing any formal ruling

2

on the pending dispositive motions so that the parties could supplement the record, as discovery in each case is virtually identical and relevant to the motions heard on March 16, 2015.[2]

On July 13, 2015, the Court issued its decision granting the relief sought in the Gavilon SJ Motion.

On or about July 23, 2015, counsel for Discover filed the Plaintiff's Motion for Application for Certification of Interlocutory Appeal (the "Discover Interlocutory Motion"). On or about August 3, 2015, Gavilon filed the Response of Defendants' Gavilon Grain LLC and Hector Cabrera in Opposition to Plaintiff Discover Property and Casualty Insurance Company's Request for Certification of Interlocutory Appeal (the "Response"). It also appears that Discover noted the Supreme Court Appeal on August 12, 2015 prior to the expiration of time under Rule 42(c)(iii) of the Rules of the Supreme Court of the State of Delaware ("Supreme Court Rule __"). Arguably, this Court lost jurisdiction over the issues on appeal until the Supreme Court Appeal is resolved; however, the Delaware Supreme Court issued a letter on August 12, 2015, informing Discover that no further action would be taken until a supplement notice of interlocutory appeal was filed in compliance with Supreme Court Rule 42(d)(iii). Discover chose to file a supplement and, therefore, the Supreme Court Appeal remains pending. As stated in footnote 1 of this decision, the Court is issuing this decision, with the knowledge that the decision is void or voidable, in order to efficiently advance the proceedings.

For the reasons stated herein, the Discover Interlocutory Motion is **DENIED**

## II.    LEGAL STANDARD AND DISCUSSION

Supreme Court Rule 42(b) sets out the standard for certifying an interlocutory appeal. "No interlocutory appeal will be certified by the trial court or accepted by this Court unless the

---

[2] July 10, 2015, the Court issued its Memorandum Opinion (the "July 10 Memorandum Opinion") on the motions filed in *Shawana Layne (f/k/a Shawana Singleton) as Guardian Ad Litem and Next Friend to Frank Layne, Jr. v. Gavilon Grain LLC et al.*, C.A. No. N12C-12-057.

order of the trial court determines a substantial issue, establishes a legal right and meets 1 or more of the following criteria: . . . ."[3] Therefore, a plaintiff must show that a court's order: (1) determined a substantial issue; (2) established a legal right and (3) met at least one of the five additional criteria listed under Rule 42(b),[4] in order to certify the appeal.

Discover contends that this Court should enter an order certifying an interlocutory appeal here because the Court's decision to grant the Gavilon SJ Motion (i) decided a substantial issue of material importance; (ii) involved a question of law that relates to the application of statute of this State which has not been, but should be settled by the Delaware Supreme Court; (iii) could inefficiently expend judicial resources by having certain remaining matters tried on the pending trial schedule and then a second trial after remand on Discover's appeal; and (iv) creates public policy concerns where employers are incentivized to hire temporary employees into situations for which they are not trained or are otherwise safe.

Gavilon opposes an interlocutory appeal. Gavilon claims that the Court's decision to grant the Gavilon SJ Motion (i) properly applied long-standing legal precedent to a statute of this State; (ii) did not involve any unprecedented or controversial rulings and, instead, utilized legal tests set out in prior decisions of the Delaware Supreme Court; and (iii) does not create trial inefficiencies and an interlocutory appeal would derail a trial set to begin on March 7, 2016.

The Court agrees that its order granting the Gavilon SJ Motion on the claim of Discover

---

[3] DEL. R. S. CT. RULE 42

[4] The five additional criteria of Supreme Court Rule 42(b) are:
> (i) *Same as Certified Question.* Any of the criteria applicable to proceedings for certification of questions of law set forth in Rule 41; or
> (ii) *Controverted Jurisdiction.* The interlocutory order has sustained the controverted jurisdiction of the trial court; or
> (iii) *Substantial Issue.* An order of the trial court has reversed or set aside a prior decision of the court, a jury, or an administrative agency from which an appeal was taken to the trial court which had determined a substantial issue and established a legal right, and a review of the interlocutory order may terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice; or
> (iv) *Prior Judgment Opened.* The interlocutory order has vacated or opened a judgment of the trial court; or
> (v) *Case Dispositive Issue.* A review of the interlocutory order may terminate the litigation or may otherwise serve considerations of justice.

against Gavilon determined a substantial issue and established a legal right. The Court's determination that Mr. Layne was a special employee of Gavilon meant that a number of claims against Gavilon and Mr. Cabrera were barred by the exclusive remedy provision of Delaware's Workers' Compensation Act (the "Act").

Pursuant to Supreme Court Rule 42(b), Discover must also demonstrate that the order granting the Gavilon SJ Motion meets one or more of the additional criteria set forth at Rule 42(b)(i)-(v). Of those five possible criteria, Discover appears to assert that Rule 42(b)(iii) applies, arguing that (i) the Court's decision relates to the application of a statute which has not been, but should be settled by the Delaware Supreme Court and (ii) an interlocutory appeal will substantially reduce litigation or otherwise serve consideration of justice.

Here, the Court does not agree with Discover. The Court did not make a decision that relates to a statute, 19 *Del. C.* § 2304, that has not been, but should be settled by the Delaware Supreme Court. The Court relied heavily on *Lester C. Newton Trucking Co. v. Neal*[5] and *Porter v. Pathfinder Services, Inc.*[6] in making its decision to grant the Gavilon SJ Motion. Both of those cases involve the Delaware Supreme Court settling similar issues to those raised here under 19 *Del. C.* § 2304. In *Lester C. Newtown Trucking Co.*, the Delaware Supreme Court set out a four part test that the courts should apply when determining whether a worker is an "employee" under the Act: (1) who hired the employee; (2) who may discharge the employee; (3) who pays the employee's wages; and (4) who has the power to control the conduct of the employee when he is performing the particular job in question.[7] In *Porter*, the Delaware Supreme Court subsequently used this test when determining that the Act barred the negligence claims of an

---

[5] 204 A.2d 393 (Del. 1964).
[6] 683 A.2d 40 (Del. 1996).
[7] 204 A.2d at 395.

employee – hired and paid by a placement agency but working for another temporary employer – against his temporary employer.[8]

The Court also does not find that an interlocutory appeal will substantially reduce litigation or otherwise serve the consideration of justice. Discover's remaining claim is one for breach of contract. A review of this Court's decision on the Gavilon SJ Motion will not terminate the litigation against Gavilon. In fact, the Court could try that matter separately and without much overlap with the negligence claim asserted by Discover against Gavilon. As for Discover's remaining contentions, the Court notes that these same public policy concerns should have been "loosed" upon the workplace when the Delaware Supreme Court rendered its decision in *Porter* – a case involving the Act and an employee hired and paid by a placement agency but working for another temporary employer.

### III. CONCLUSION

For the foregoing reasons the Discover Interlocutory Motion is **DENIED**.

**IT IS SO ORDERED.**

/s/ *Eric M. Davis*
Eric M. Davis, Judge

---

[8] 683 A.2d at 42.