IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DISCOVER PROPERTY AND | § | |
| CASUALTY INSURANCE COMPANY, | § | |
| Individually and a/s/o Access Labor | § | No. 421, 2015 |
| Service, Inc. and Frank Layne, Jr., | § | |
| | § | |
| Plaintiff Below- | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| v. | § | in and for New Castle County |
| | § | C.A. No. N12C-10-042 |
| GAVILON GRAIN, LLC d/b/a Peavey | § | |
| Company, | § | |
| | § | |
| Defendant Below- | § | |
| Appellee. | | |

Submitted:  August 18, 2015
Decided:  August 27, 2015

Before **STRINE**, Chief Justice; **HOLLAND**, and **SEITZ**, Justices.

# **O R D E R**

This 27th day of August 2015, it appears to the Court that:

(1)    The plaintiff-appellant, Discover Property and Casualty Insurance Company ("Discover"), as subrogee of Access Labor Service, Inc. and Frank Layne, Jr. ("Layne"), has petitioned this Court under Supreme Court Rule 42 to accept an appeal from an interlocutory order of the Superior Court dated July 13, 2015, granting a motion for summary judgment filed by Gavilon Grain, LLC ("Gavilon"). The Superior Court's opinion determined that Layne was a special employee of Gavilon and,

therefore, Discover's negligence claim against Gavilon was barred by the exclusivity provision of the Delaware Workers' Compensation Act.

(2) Discover filed the application for certification to take an interlocutory appeal in the Superior Court on July 23, 2015. The Superior Court denied the certification application on August 13, 2015. Although the Superior Court analyzed Discover's application for certification under the former version of Supreme Court Rule 42, which was amended effective May 15, 2015, it engaged in a thoughtful analysis under the old version that remains relevant and we agree with its recommendation that certification should be denied. As the Superior Court noted, its determination that Layne was a special employee of Gavilon applied legal tests that are set out in prior decisions of this Court.[1] Moreover, interlocutory review of the Superior Court's ruling will not substantially reduce the pending litigation or otherwise serve the considerations of justice.[2]

(3) Applications for interlocutory review are addressed to the sound discretion of this Court. In the exercise of its discretion, this Court

---

[1] *See Porter v. Pathfinder Services, Inc.*, 683 A.2d 40 (Del. 1996); *Lester C. Newton Trucking Co. v. Neal*, 204 A.2d 393 (Del. 1964).

[2] Del. Supr. Ct. R. 42(b)(iii)(G)-(H) (effective May 15, 2015).

has concluded that the application for interlocutory review does not meet the requirements of Supreme Court Rule 42(b) and should be refused.

NOW, THEREFORE, IT IS HEREBY ORDERED that the within interlocutory appeal is REFUSED.[3]

BY THE COURT:

/s/ Leo E. Strine, Jr.

Chief Justice

---

[3] The Court is issuing a contemporaneous order refusing the interlocutory appeal filed in the companion case, *Layne v. Gavilon Grain, LLC*, No. 414, 2015.