# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STROBERT TREE SERVICES, INC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. N14C-09-081 CLS |
| KENNETH LILLY FASTENERS, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Date Submitted: March 29, 2019
Date Decided: April 4, 2019

On Defendant Kenneth Lilly Fastener's
Motion for Summary Judgment.
**Granted**.

Victoria Petrone, Esquire, Logan & Petrone, LLC, 100 West Commons Blvd., Suite 435, New Castle, Delaware, 19720.  Attorney for Plaintiff.

David Baumberger, Esquire, Chrissinger & Baumberger, 3 Mill Road, Suite 301, Wilmington, Delaware, 19806.  Attorney for Defendant.

**Scott, J.**

Upon consideration of the Defendant's Motion for Summary Judgment, and the record of the case, it appears that:

1. Plaintiff's cause of action alleges industrial fasteners supplied by Defendant were defective, resulting in severe damage to an industrial land clearing grinder.

2. On October 16, 2018, the Court granted Defendant's Motion to Exclude Plaintiff's expert's report. Defendant's filed this Motion on March 12, 2019, arguing Plaintiff cannot establish the necessary elements of their claim without expert testimony or opinion.

3. The Court may grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law."[1] The moving party bears the initial burden of showing that no material issues of fact are present.[2] Once such a showing is made, the burden shifts to the non-moving party to demonstrate that there are material issues of fact in dispute.[3] In considering a motion for summary judgment, the Court must

---

[1] Super. Ct. Civ. R. 56(c); *Burkhart v. Davies*, 602 A.2d 56, 59 (Del. 1991).
[2] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).
[3] *Id.* at 681.

view the record in a light most favorable to the non-moving party.[4] The Court will not grant summary judgment if it seems desirable to inquire more thoroughly into the facts in order to clarify the application of the law.[5]

4. Defendant originally believed the batch of industrial nuts at issue had been returned to the manufacturer, they were not. Defendant discovered that they still had the batch of nuts in their possession.

5. On April 11, 2017, Plaintiff's counsel notified the Court that he was scheduled to pick up a number of the nuts for the purpose of testing.[6] Plaintiff, however, expressed concern that the nuts picked up for testing were not from the same batch as the original.[7]

6. In July 2018, with their Motion to Exclude Plaintiff's expert pending, Defendant expressed reluctance to allow more time for testing, as Plaintiff had failed to conduct any testing on the samples delivered the previous year.[8]

7. Plaintiff has not conducted testing on any of the industrial nuts alleged to be faulty.

---

[4] *Burkhart*, 602 A.2d at 59.
[5] *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962); *Phillip-Postle v. BJ Prods., Inc.*, 2006 WL 1720073, at *1 (Del. Super. Ct. Apr. 26, 2006).
[6] D.I. 45.
[7] D.I. 48.
[8] D.I. 62.

3

8. Trial in this action was continued on November 10, 2016, to allow for testing by Defendant. In their opposition to the current motion, Plaintiff seeks to compel production of the nuts remaining in Defendant's possession for the purpose of expert testing and analysis. Plaintiff questioned the provenance of the same nuts in 2017, and chose not to submit them to testing at that time. The time for discovery and submission of expert reports has passed. The Court has given ample time for both parties to perform testing.

9. To be successful on a breach of warranty of merchantability claim, a plaintiff must prove: "(1) that a merchant sold the goods; (2) which were defective at the time of sale; (3) causing injury to the ultimate consumer; (4) the proximate cause of which was the defective nature of the goods.[9] To withstand Lilly's summary judgment motion, Strobert is required to present some evidence to support all of the elements of its claim for a breach of the implied warranty of merchantability.[10]

10. Plaintiff must establish the nuts product were both defective and the proximate cause of the injury it sustained.[11] Circumstantial evidence may be submitted to substantiate a *prima facie* case that there was a breach, however "it must

---

[9] *Reybold Grp., Inc. v. Chemprobe Techs., Inc.*, 721 A.2d 1267, 1269 (Del. 1998).
[10] *Id*, at 1270 (Del. 1998).
[11] *Id*.

4

tend to negate other reasonable causes of the injury sustained or there must be expert opinion that the product was defective."[12]

11. If the matter at issue in a breach of warranty claim is within the common knowledge of laymen, expert opinion is not required, however, the design, manufacture, and use of industrial fasteners is beyond the common knowledge of the layperson. Accepting as true Plaintiff's claim that the nuts delivered by Defendant were defective, the nature this case involves questions of manufacturing tolerances, metallurgical composition, torque specifications, and industrial lubricants, among others. These are questions of fact, which would require the assistance of an expert for laypersons to comprehend. Testimony by the Plaintiff that the nuts were defective because his grinder was damaged is insufficient.

12. Negligence is never presumed, it must be proven.[13] As a general rule questions of negligence are not decided on motions for summary judgment, but are left for the trier of fact.[14] Where the undisputed facts compel only one conclusion, however, the Court has the duty to enter a judgment accordingly.[15]

---

[12] *Id.*
[13] *Wilson v. Derrickson*, 175 A.2d 400, 401-02 (Del. 1961).
[14] Faircloth v. Rash, 317 A.2d 871, 871 (Del. 1974).
[15] *Id.*

5

13. The evidence presented includes Plaintiff's account of the events; Plaintiff was engaged in a large scale land clearing operation. As part of that operation trees were being removed and loaded into an industrial shredding machine. The machine employs a 1,050 horsepower diesel engine to rotate a grinding drum roughly three times the size of an oil drum. The grinding drum weighs 16,000 pounds and rotates at a speed of 840 to 900 rpm. The drum has 26 replaceable grinding teeth or hammers attached the face of the drum. The hammers are frequently changed as they become worn down. Each hammer is attached to the drum with 2 nuts and 2 bolts. These nuts and bolts are industrial grade fasteners. The fasteners are delivered with a certificate of inspection and the results of that inspection. The certificate of inspection includes a chemical analysis of the fastener, and adherence to manufacturing tolerances.

14. The nature of the industrial fasteners in this case requires the assistance of expert testing and opinion. A layperson cannot be expected to know or fully appreciate the laws of mechanics governing the problem involved in this case.[16] Without expert testimony, Plaintiff must rely on circumstantial evidence to prove their case. Plaintiffs may use circumstantial evidence to

---

[16] See *Phillips v. Delaware Power & Light Co.*, 216 A.2d 281, 284 (Del. 1966).

prove the nuts were defective, however, the evidence must be such that negligence is the only possible inference therefrom.[17]

15. The record in this case is strikingly similar to those presented in *Dilenno v. Libbey Glass Div., Owens-Illinois, Inc.*[18] and *Joseph v. Jamesway Corp.*,[19] wherein Plaintiffs reached the conclusion that a product was defective simply because of its failure. In viewing the evidence in a light most favorable to the Plaintiff, all Strobert has shown is that the hammers of the grinding machine separated from the grinding drum.

16. Without expert testimony Plaintiff cannot establish the nuts provided were unfit for Plaintiff's particular use or were otherwise defective. Testimony by Plaintiff's layperson employees that the hammers separated because the nuts were defective would be impermissible speculation. The same is true for testimony that the nuts were not manufactured in accordance within the required specifications.

17. Strobert's claims for breach of contract and warranty are based on the assertion that the nuts were defective. Because Strobert cannot demonstrate

---

[17] *Joseph v. Jamesway Corp.*, 1997 WL 524126, at *4 (Del. Super. Ct. 1997).
[18] 668 F.Supp. 373 (D. Del. 1987).
[19] 1997 WL 524126 (Del. Super. Ct. 1997).

that the nuts were defective the claims for breach of contract and warranty must fail.[20]

18. In regards to Lilly's counterclaim, the record shows Plaintiff Strobert Tree Services issued a check in the amount of $5,099.13, therefore Lilly's motion for summary judgment on their counterclaim for payment on the nuts purchased is moot.

For the forgoing reasons, Defendant's Motion for Summary Judgment on the breach of contract, breach of express warranty, and breach of implied warranty of merchantability is **GRANTED**.

**IT IS SO ORDERED.**

/s/ Calvin L. Scott
**Judge Calvin L. Scott, Jr.**

---

[20] See *Joseph*, at *6.